385 A.2d 1010

**COMMONWEALTH of Pennsylvania**

v.

**Curtis DIGGS, Appellant (two cases).**

Superior Court of Pennsylvania.

Argued Dec. 12, 1977.

Decided April 28, 1978.

Stephen M. Karp, Philadelphia, for appellant.

L. Davis, Philadelphia, with him F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a non-jury trial on October 9, 1975, appellant was convicted of burglary[1] (two counts), robbery[2] (two counts), aggravated assault,[3] conspiracy[4] and possession of an instrument of crime.[5] Post-trial motions were denied, and appellant was sentenced to a term of two to four years imprisonment. No direct appeal was taken, but a petition under the Post Conviction Hearing Act[6] was subsequently filed. Following a PCHA hearing, the court found that appellant had been denied his right to appeal and therefore granted him the right to a nunc pro tunc appeal to this court. The PCHA court, citing *Commonwealth v. Webster,*

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3701.

3. 18 Pa.C.S. § 2702.

4. 18 Pa.C.S. § 903.

5. 18 Pa.C.S. § 907.

6. Act of January 25, 1966, P.L. (1965) 1580, § 1 [19 P.S. § 1180–1 (Supp. 1977–78)].

466 Pa. 314, 353 A.2d 372 (1975), and *Commonwealth v. Drummond*, 238 Pa.Super. 311, 357 A.2d 600 (1976), did not reach the other issues raised by appellant.

The factual background of this matter is as follows. On January 13, 1975, Mr. and Mrs. John Power were robbed in their home in Philadelphia. Mrs. Edna B. Smith was subjected to similar depredation on January 22, 1975. Both episodes involved three men who gained entrance, by ruse, to the dwellings of elderly persons. Once inside, the men beat and robbed their victims. During the January 22nd incident, Philadelphia police were called to the scene. Officers McGurk and Hunter knocked on the door of Mrs. Smith's apartment and were admitted by the eighty year old victim. Two of the robbers escaped through a third floor window while the third hid in a closet. Officer McGurk pulled the man from the closet, but the robber, after a struggle, managed to escape through a window. Officer Hunter, who had gone to the street below in pursuit of the escaping duo, observed the third man, gave chase and quickly apprehended him. Officer McGurk arrived a few seconds later. Appellant was arrested and transported to West Detective Division. At trial, Officer McGurk positively identified appellant as the man with whom he had wrestled in Mrs. Smith's apartment.

At West Detective, appellant was given his rights and interrogated by Sergeant Saltzman. Appellant gave an oral statement admitting his participation in the robbery of Mrs. Smith and the earlier robbery of the Power home. Sergeant Saltzman took down the gist of the statement in longhand, but this written version was not signed by appellant. At trial, Sergeant Saltzman used his notes to recount the substance of appellant's confession.

Two of the robbery victims, Mr. Power and Mrs. Smith, testified at appellant's preliminary hearing. Neither was able to identify him and neither was cross-examined. On July 24, 1975, appellant's pre-trial motion to suppress his statement as involuntary was heard and denied. Although the preliminary hearing and the suppression motion were

conducted by the same defense counsel, appellant had a different attorney at trial. This defense counsel stipulated to the introduction of the preliminary hearing testimony of Mr. Power and Mrs. Smith, neither of whom appeared.

■ Three grounds for relief are alleged in this appeal: (1) the ineffectiveness of trial counsel, (2) the ineffectiveness of counsel at appellant's suppression hearing, and (3) the refusal of the court below to suppress appellant's statement as involuntary. We turn first to the suppression issue. "It is well-established that on review from a finding of voluntariness, we must consider the Commonwealth's evidence and so much of the evidence presented by an accused as remains uncontradicted. *Commonwealth v. Johnson*, 467 Pa. 146, 354 A.2d 886 (1976); *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426 (1968)." *Commonwealth v. Smith*, 470 Pa. 220, 222, 368 A.2d 272, 273 (1977). Appellant testified that during his interrogation he was punched, kicked and had a chair thrown at him. According to appellant, his statement to the police was physically coerced and had no truth in it. Sergeant Saltzman, on the other hand, testified that appellant was informed of his rights, that he was in no way mistreated and that he answered questions voluntarily.

The suppression court found that appellant had been accorded his *Miranda* rights, that his statements had not been the result of unnecessary delay between arrest and arraignment, and that the Commonwealth had established the voluntariness of the statements by a preponderance of the evidence. Our review of the record reveals no basis upon which to overturn that determination.

Appellant argues that trial counsel was ineffective for failing to interview potential alibi witnesses, failing to present an alibi defense, and failing to introduce witnesses to establish that none of the victims had identified appellant. At the PCHA hearing, trial counsel testified that an investigator from the public defender's office had contacted five potential alibi witnesses whose names were provided by appellant and that only appellant's brother, Jeffrey Diggs,

was able to provide alibi testimony. Defense counsel spoke with Jeffrey Diggs before and at trial, but could not recall if she had discussed the possibility of an alibi defense with him. At trial, Diggs testified only to appellant's physical condition prior to his arrest. This testimony was to support appellant's claim that he had been beaten by the police. Jeffrey Diggs' PCHA testimony was that appellant had been with him in their family home at the time Mrs. Smith's apartment was robbed, and that appellant left that location only minutes before he was apprehended by the police. Diggs also stated that no one from the public defender's office contacted him from the time of appellant's arrest until the date of trial.

It is also asserted that trial counsel was ineffective for failing to attack the lack of identification of appellant by any of the victims. Trial counsel explained in her PCHA testimony that she stipulated to the admission of the preliminary hearing testimony of Mr. Power and Mrs. Smith[7] because no identification of appellant was contained therein and because she thought the sympathy evoked by the presence and testimony of the elderly victims might weigh heavily against appellant. Defense counsel argued the issue of identification to the court in her closing. Appellant contends that counsel could have emphasized the absence of any identification without having the victims testify, by calling one of the police officers who had witnessed Mrs. Smith's inability to recognize appellant when he was returned to the scene of the robbery immediately following his arrest.

■ Appellant's claims of ineffective assistance cannot be resolved from the trial record. Further, because the PCHA court followed the teaching of *Commonwealth v. Webster, supra,* and *Commonwealth v. Drummond, supra,* we do not have its evaluation of the credibility of the witnesses nor its decision on the merits of the issues. This case is therefore

7. Mrs. Power did not testify at the preliminary hearing or at trial.

remanded for an evidentiary hearing on these matters,[8] *see Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). If it is found that appellant was deprived of effective assistance, a new trial shall be ordered. If, on the other hand, appellant's representation was not ineffective, the judgment of sentence shall be reinstated.

Following the decision of the hearing court, the aggrieved party may appeal to this court. *Commonwealth v. Twiggs, supra.*

WATKINS, former President Judge, did not participate in the consideration or decision in this case.

---

**8.** We have not discussed the claimed ineffectiveness of appellant's suppression hearing counsel. This issue should also be resolved in the evidentiary hearing.