401 A.2d 797

**COMMONWEALTH of Pennsylvania**

v.

**Bobby SIMS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided April 12, 1979.

Helen T. M. McCaffrey, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

On November 2, 1973, appellant was convicted following a non-jury trial of robbery,[1] theft by extortion,[2] criminal conspiracy,[3] and theft by receiving stolen property.[4] Post-trial motions were denied, and appellant was sentenced. No direct appeal was taken. Thereafter, on November 12, 1974, appellant filed a petition for relief under the Post Conviction Hearing Act (P.C.H.A.),[5] which was amended following appointment of counsel. Appellant was granted permission to appeal nunc pro tunc following the P.C.H.A. hearing. For the reasons stated herein, we remand the case for further proceedings.

The trial transcript shows that on June 12, 1973, during early morning hours, a trolley passenger was robbed at gunpoint in West Philadelphia. Appellant and two accomplices exited the trolley and, two blocks further, the victim, having spotted a police car, also exited the trolley and summoned aid. Appellant and one accomplice were located and positively identified by victim and a second trolley rider. Appellant's statement of the question on appeal is:

"Was the failure of trial counsel to inform appellant of the difference between the legal proceedings taking place

1. 18 Pa. C.S. § 3701.

2. 18 Pa. C.S. § 3923.

3. 18 Pa. C.S. § 903.

4. 18 Pa. C.S. § 3925.

5. Act of January 25, 1966, P.L. (1965) 1580, § 1 (19 P.S. § 1180–1) *et seq.* (Supp. 1978–79).

in order for appellant to present his alibi witnesses a denial of due process?"

Testimony in this question was developed before the court below. However, the lower court abided by the dictate of *Commonwealth v. Drummond*, 238 Pa.Super. 311, 357 A.2d 600 (1976), and, once having determined that appellant would be permitted to appeal nunc pro tunc, the court refrained from addressing appellant's other P.C.H.A. assertions. *See Commonwealth v. Gaston*, 474 Pa. 218, 378 A.2d 297 (1977); *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1976).

In *Commonwealth v. Diggs*, 254 Pa.Super. 262, 385 A.2d 1010 (1978), we were faced with a similar situation. The appellant was before us on a nunc pro tunc appeal following a P.C.H.A. hearing. He asserted one claim reserved in post-trial motions and argued two ineffectiveness of counsel issues not addressed by the lower court under *Drummond*. We affirmed the suppression court's finding and remanded the case for an evidentiary hearing on the two issues of ineffectiveness.

In the instant case, we do not have the benefit of an evaluation by the court below of the witnesses' credibility or any findings of fact. We therefore remand the case for an evidentiary hearing on this matter. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). If it is found that appellant was deprived of effective assistance, a new trial shall be ordered. If, on the other hand, appellant's representation was effective, then judgment of sentence shall be reinstated.

Following the decision of the hearing court, the aggrieved party may appeal to this court. *Commonwealth v. Twiggs, supra.*

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

58

HESTER, Judge, dissenting:

I dissent. I would affirm the action of the court below.