418 A.2d 573

**COMMONWEALTH of Pennsylvania**

v.

**Albert BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 1979.

Filed Jan. 25, 1980.

610

Timothy P. Booker, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

In this appeal from denial of relief under the Post Conviction Hearing Act,[1] appellant contends that trial counsel was ineffective. We affirm.

On August 19, 1974, a jury convicted appellant of murder of the first degree and criminal conspiracy. After denying post–verdict motions, the trial court sentenced appellant to concurrent terms of imprisonment for life for murder and 5 to 10 years for conspiracy. The Supreme Court affirmed. See *Commonwealth v. Brown*, 467 Pa. 512, 359 A.2d 393 (1976). Appellant obtained new counsel and filed a PCHA

---

\* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania, is sitting by designation.

1. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., 19 P.S. §§ 1180–1 et seq. (Supp. 1979), repealed, Act of April 28, 1978, P.L. 202, effective June 27, 1978, to take effect 2 years after their effective date.

petition alleging ineffective assistance of trial counsel.[2]  The PCHA court denied relief.

Appellant asserts that trial counsel was ineffective for failing to object to part of the prosecutor's summation:

"And it is evident that the only thing really standing between the defendant and the appropriate verdict of guilty of murder was a well–meaning, sympathetic potential [sic] juror who would look upon him in a calm, peaceful surroundings [sic] of this courtroom rather than the reality of it through the eyes of Domingo Martinez back on November 10, 1973, out there at 6th and Oxford Streets when he is being attacked by a pack of wolves– look at it through the eyes of the jury who envisions [sic] the defendant in this courtroom, sitting there not doing anything today, not challenging them in any way, and forgive him.

"But that's not the jury's function, to forgive or to punish.  The jury's function is only to find the facts.  Questions of forgiveness and punishment are to be left in the good, capable hands of His Honor, Judge Malmed, and the law that he represents."

Appellant argues that these comments impermissibly expressed the prosecutor's opinion on guilt and unfairly prejudiced the jury by referring to the assailants as a pack of wolves.

■ Surely, it was improper for the prosecutor to label the assailants a "pack of wolves."  Nonetheless, trial counsel was not ineffective for failing to object to the reference.  In the PCHA proceedings, counsel testified that he deliberately refrained from objecting.  He felt that the case against appellant was weak because the Commonwealth's primary witnesses had been sharply impeached, he had already objected several times during the prosecutor's summation, and he did not want further objections either to offend the

2.  Because he is represented for the first time by counsel other than trial counsel, appellant may allege ineffective assistance of trial counsel.  See *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978).

jurors or distract them. Above all, he did not wish to request a mistrial, for he thought the jurors might well return a verdict of acquittal. The record shows that counsel had a rational basis for his decision. Thus, his trial strategy was not ineffective assistance. See, e. g., *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

■ Appellant also argues that the reference to him "sitting there not doing anything today, not challenging [the jurors] in any way" improperly pointed out that he had elected not to testify. It is clear that the prosecutor was not making such a comment. He was arguing that the jurors, viewing appellant in the courtroom, where he did not seem intimidating, should not let sympathy for him influence them in their task of finding the facts. It would have been pointless for trial counsel to raise an objection on the ground appellant asserts. Accordingly, trial counsel was not ineffective for failing to object to the comment as an improper reference to invocation of appellant's privilege to remain silent at trial. See *Commonwealth v. Roach*, 479 Pa. 528, 388 A.2d 1056 (1978).

Appellant contends that trial counsel was ineffective for failing to obtain relief when the prosecutor made other comments highlighting his decision not to testify. During summation, appellant's counsel stated, "My client instructs me to advise you—I am telling you as defendant's lawyer—that I am agreeing that the defendant did strike Mr. Martinez with a trash basket—not the one in the picture but we will get to that in a minute." In his closing argument, the prosecutor replied to counsel's announcement:

"Very nice. How easy is it for me to cross–examine that evidence that is offered by [defense counsel]? I can't ask any questions about it. When he says, 'My client instructs me to say that he did take the trash can, I'm not going to tell you what kind, but he did beat up the man or he participated in hitting the man' thank you very much. Go cross–examine that."

Trial counsel objected, but did not request a mistrial or curative instructions.

.

It is impermissible for the Commonwealth to seek a verdict of guilty by commenting that the accused has remain silent at trial. *Commonwealth v. Brenizer*, 467 Pa. 347, 356 A.2d 784 (1976). Where, however, the defendant attempts in his own argument to exploit his silence, the prosecutor in rebuttal may, to some extent, also refer to the fact that the defendant has not testified. *Commonwealth v. Young*, 477 Pa. 212, 383 A.2d 899 (1978). Appellant sought to inform the jurors of facts not of record, a strategy based on his decision not to testify. The prosecutor's reply did not directly state that appellant had kept his silence at trial or request the jurors to draw an inference of guilt from his silence. The prosecutor fairly informed the jurors of the value of evidence untested by cross–examination and did not go beyond what was necessary to counter appellant's strategy. Thus, the prosecutor's comments were not impermissible and counsel, accordingly, was not ineffective for failing to request either curative instructions or a mistrial.

Finally, appellant contends that trial counsel was ineffective for failing to object to the trial court's instructions on murder. According to appellant, the court failed to charge that when murder is charged, the presumption, which the Commonwealth must rebut by facts presented, is that the crime is only murder of the second degree rather than first degree. The charge of the trial court did not in any way shift a burden of proof from the Commonwealth to appellant. The court instructed that an essential element of all degrees of murder is malice and that if "nothing else appears, a killing with malice aforethought, either express or implied, is murder in the second degree." The court informed the jurors of felony murder and warned that if appellant was party to an agreement to commit only serious bodily harm rather than a killing, they could not find him guilty of any degree of murder higher than second degree. Finally, the court instructed that the burden of proof was always upon the Commonwealth and that, should the jurors find that the Commonwealth had failed to prove beyond a reasonable doubt any of the necessary elements of any of

the crimes charged, they must find appellant not guilty. Thus, appellant's claim is without merit. Accordingly, counsel had no basis for objecting to the court's charge on the ground appellant raises and was not ineffective for failing to do so.

Order affirmed.