434 A.2d 171

**COMMONWEALTH of Pennsylvania,**

v.

**William HOWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Aug. 21, 1981.

George W. Bills, Jr., Pittsburgh, for appellant.

Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER, and HOFFMAN, JJ.

146

PER CURIAM:

Following a jury trial, appellant was convicted of burglary. The trial court subsequently denied appellant's post-verdict motions and imposed sentence. No direct appeal was taken. Thereafter, appellant filed a petition pursuant to the Post Conviction Hearing Act (PCHA).[1] After an evidentiary hearing, the post-conviction court concluded that appellant had been denied his right to appeal from judgment of sentence and granted him permission to file this appeal nunc pro tunc.

Appellant contends, *inter alia*, that his trial counsel was ineffective for failing to secure the testimony of two witnesses.[2] "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). If we cannot determine from the record whether counsel had a reasonable basis for not pursuing a claim, we must remand for an evidentiary hearing on that issue. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440, (1975).

In the instant case appellant and his trial counsel testified at the PCHA hearing regarding appellant's ineffectiveness claim. The post-conviction court, however, did not evaluate the witnesses' credibility or make any findings of fact. In *Commonwealth v. Diggs*, 254 Pa.Super. 262, 385

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq.

2. Appellant contends also that the evidence adduced at trial was insufficient to sustain his burglary conviction. Having carefully reviewed the record, we conclude that there was ample evidence to support the verdict. Appellant argues also that the lower court erred in its charge to the jury. This issue, which was neither raised at trial nor in post-verdict motions, is not preserved for our review. *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974) (issue waived if no objection made at trial); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) (issue waived if not raised in post-verdict motions).

A.2d 1010 (1978), our Court, under similar circumstances, remanded the case for a new evidentiary hearing. The lower court in that case had held a PCHA hearing at which testimony was presented on the petitioner's claim that his trial counsel had been ineffective. After the hearing the court permitted the petitioner to file a nunc pro tunc appeal to this Court because it concluded that he had been deprived of his right to take a direct appeal from judgment of sentence. In accordance with appellate court decisions, the court did not address the ineffectiveness claim. *See, e.g., Commonwealth v. Webster*, 466 Pa. 314, 319, 353 A.2d 372, 374 (1975) ("[W]here a post-conviction court determines that a petitioner is entitled to a direct appeal, no decision should then be made on other bases alleged therein for post-conviction relief."). On appeal we held that because we did not have the benefit of the post-conviction court's evaluation of the witnesses' credibility, it was necessary to remand the case for an evidentiary hearing on the petitioner's ineffectiveness claim. *Accord, Commonwealth v. Sims*, 265 Pa.Super. 55, 401 A.2d 797 (1979).

Similarly, we must remand this case for an evidentiary hearing on appellant's ineffectiveness claim.[3] If, following the hearing, the court determines that appellant was denied effective assistance of counsel, it shall enter an order granting appropriate relief. If, on the other hand, the court determines that appellant received effective representation at trial, it shall reinstate judgment of sentence. Either

3. Appellant asserts that "it was reversible error for him to be represented at the PCHA hearing by a public defender when he was alleging the ineffective assistance at trial of a member of that same office." Brief for Appellant at 17. (Appellant's present counsel is not associated with the public defender's office.) In *Commonwealth v. Bundy*, 480 Pa. 543, 391 A.2d 1018 (1978), our Supreme Court held that the appellant was entitled to a new PCHA hearing on his claim of trial counsel ineffectiveness because trial and post-conviction counsel were both members of the public defender's office. The Court reasoned that to "refuse [new counsel's] requested remand would restrict appellant to a record created by an associate of the counsel whose competency is at issue." *Id.*, 480 Pa. at 546–47, 391 A.2d at 1020. Because we are remanding this case for a new evidentiary hearing, appellant will receive all of the relief to which he is entitled.

148

party aggrieved by the court's decision may take a new appeal to this Court, as provided by law.

Judgment of sentence vacated and case remanded for proceedings in accordance with this opinion.