444 A.2d 1285

**COMMONWEALTH of Pennsylvania**

v.

**Melvin REED, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed April 30, 1982.

Lee Mandell, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and HESTER and WIEAND, JJ.

482

CERCONE, President Judge:

Appellant, Melvin Reed, takes this appeal from the order of the lower court denying appellant's petition under the Post Conviction Hearing Act (PCHA) after a hearing.[1] We do not reach the merits of this appeal because we find that the lower court has failed to include in the record its finding of fact and conclusions of law.

Pa.R.Crim.Pro. 1506 provides in relevant part:

When the court grants a post conviction hearing, it shall:

. . . . .

(5) cause all evidence adduced at the hearing to be recorded, file a statement of record setting forth its findings of fact and its conclusions of law.

In the instant case, the lower court failed to comply with the mandates of Rule 1506. One of the issues raised by appellant at the PCHA hearing and now before this Court was whether appellant was denied effective representation by competent counsel at trial when his counsel failed to object to certain allegedly prejudicial comments made by the prosecution in its closing comments to the jury. Although the hearing judge filed an opinion for appeal purposes, as is required by Pa.R.App.Pro. 1925,[2] the opinion does not discuss the various instances of alleged prosecutorial misconduct raised by appellant. Instead, the opinion sets forth in the most general terms the law regarding the effective assistance of counsel and then, without specific application of the law, states the conclusion that trial counsel was not ineffective. This cursory treatment of the issue does not satisfy the mandate of either Pa.R.Crim.Pro. 1506 or Pa.R.App.Pro.

1. The Post Conviction Hearing Act, 1966, Jan. 25, P.L. (1965) 1580, § 1, as amended by Act No. 1980–77, 19 P.S. §§ 1180–1 et seq.

2. Pa.R.App.Pro. 1925(a) provides:
   *General rule.* Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings on other matters complained of, or. shall specify in writing the place in the record where such reasons may be found.

1925. Accordingly, we vacate the order of the lower and remand for findings of fact and conclusions of law. Appellant must be given the opportunity to address these findings of fact and conclusions of law.

Order of the lower court is vacated and case is remanded for the filing of an opinion stating findings of fact and conclusions of law. This Court does not retain jurisdiction.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. After an evidentiary hearing on appellant's amended P.C.H.A. petition alleging ineffective assistance of trial counsel, the hearing court made a general finding that counsel had not been ineffective and dismissed the petition. I would affirm. Appellant failed completely to show the ineffectiveness of counsel which he alleged in his petition.

Melvin Reed, the appellant, was initially tried without a jury and found guilty of kidnapping, aggravated assault, and conspiracy following an incident in which eleven shots had been fired into the body of a person whose hands had been tied behind him with an electrical cord. A new trial was subsequently granted. The re-trial was held before the Honorable James T. McDermott and a jury, which again found appellant guilty. On direct appeal, this Court affirmed the judgment of sentence. *Commonwealth v. Reed,* 246 Pa.Super. 646, 372 A.2d 843 (1977). A petition for allocatur to the Supreme Court was denied; and a petition for habeas corpus was dismissed by the United States District Court for the Eastern District of Pennsylvania. Reed then filed a P.C.H.A. petition. Counsel was appointed, an amended petition was filed, and an evidentiary hearing was held. At the conclusion of the hearing, the court made a general determination that Reed had failed to show that trial counsel was ineffective and denied relief.

The burden of establishing that trial counsel had been ineffective was on appellant. *Commonwealth v. Bundridge,*

268 Pa.Super. 1, 3, 407 A.2d 406, 408 (1979); . *Commonwealth v. Klaric,* 263 Pa.Super. 286, 290, 397 A.2d 1212, 1213 (1979); *Commonwealth v. Sweitzer,* 261 Pa.Super. 183, 191, 395 A.2d 1376, 1380 (1978). In order to establish that counsel had been ineffective for failing to call a witness, appellant was required to prove not only that counsel had been informed of the witness' identity, but that the witness' testimony would have been helpful to his case. *Commonwealth v. Adams,* 465 Pa. 314, 321, 350 A.2d 412, 416 (1976); *Commonwealth v. Williams,* 274 Pa.Super. 464, 472–473, 418 A.2d 499, 503–504 (1980); *Commonwealth v. Yarbough,* 248 Pa.Super. 356, 361–362, 375 A.2d 135, 138 (1977).

Appellant contended that trial counsel had been ineffective for failing to interview pre-trial and call as a witness at trial the notary who had taken a pre-trial affidavit from the victim. The record discloses affirmatively that the victim's statement was used extensively at trial by defense counsel to cross-examine the victim. Thus, it was unnecessary to call the notary to authenticate the statement; and appellant has not proved that the notary had any other relevant information.

In order to prove that counsel had been ineffective for failing to object to closing arguments by the prosecuting attorney, appellant was required to establish arguable merit in the objection which counsel failed to make. A review of the record establishes that the prosecutor's comments were well within the bounds of legitimate argument and, unobjectionable.[1] Counsel cannot be held ineffective if the action

1. The prosecuting attorney's remarks were based on evidence produced at the trial and were not expressions of personal opinion regarding appellant's credibility, motive or guilt. Similarly, I perceive no overstepping of the bounds of propriety in the following statements by counsel for the Commonwealth:

... you have a case here where a man is bound behind his back with electrical cord, taken to an alley and used as target practice. Eleven shots fired into him. Eleven shots! (N.T.—152)

... you can not tolerate the kind of activity which allows the defendant to bound [sic] a man and hold him against his will for twelve hours, threaten to kill him, beat him about the face, and then take him and dump him into an alley, and them [sic] pump eleven bullets into his system. (N.T.—161)

he failed to take would have been frivolous or fruitless. *Commonwealth v. Wilson,* 482 Pa. 350, 353, 393 A.2d 1141, 1143 (1978); *Commonwealth v. Ashley,* 277 Pa.Super. 287, 291, 419 A.2d 775, 777 (1980).

Appellant's contention that trial counsel was ineffective was so completely devoid of merit in this case that I would accept the general finding of the hearing court and affirm its order denying relief.

I'm sure he thought he would never hear or see of that person again ... Can you imagine his reaction? "My God, he's not dead?" (N.T.—trial—161–62)