452 A.2d 271

**COMMONWEALTH of Pennsylvania**

**v.**

**Harry Lee WHITTMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 23, 1982.

Filed Oct. 29, 1982.

William P. Fedullo, Philadelphia, for appellant.

Jane Culter Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

PER CURIAM:

Harry Lee Whittman was tried by jury and convicted of robbery, aggravated assault, and conspiracy arising out of a holdup and shooting at a Philadelphia bar. On direct appeal, the judgment of sentence was affirmed. *Commonwealth v. Whitman,* 252 Pa.Super. 66, 380 A.2d 1284 (1977). Allocatur was denied. Whittman then filed a petition under the Post Conviction Hearing Act (PCHA). New counsel was appointed, and an evidentiary hearing was held. When the PCHA petition was dismissed, this appeal followed.

On appeal, Whittman argues that trial counsel was ineffective (1) for refusing to allow appellant to testify as a defense witness, (2) for failing to use a photograph of appellant to contradict a description testified to by a Commonwealth witness, and (3) for failing to preserve for appellate review an unsuccessful objection to evidence regarding the finding of the gun used in the holdup. Appellant also contends that the trial court erred in refusing to grant a new trial because of the recanting testimony of a Commonwealth identification witness.

Unfortunately, the PCHA hearing court made no findings of fact regarding these specific issues. Therefore, we are unable to fulfill our responsibility of conducting meaningful

appellate review. See: *Commonwealth v. Reed,* 298 Pa.Super. 480, 444 A.2d 1285 (1982). See also: *Commonwealth v. Townsell,* 474 Pa. 563, 568 n. 6, 379 A.2d 98, 100 n. 6 (1977); Pa.R.Crim.P. 1506(5).[1]

Instead, we remand with directions to the court below to make findings of fact within sixty days hereof. Jurisdiction is retained.

1. Pa.R.Crim.P. 1506, in effect at the time of appellant's PCHA hearing, provided:

When the court grants a post conviction hearing, it shall:

. . . . .

(5) Cause all evidence adduced at the hearing to be recorded, *file a statement of record setting forth its findings of fact and its conclusions of law* [.]

This requirement is now found at Pa.R.Crim.P. 1508(d)(3), effective June 27, 1982.