454 A.2d 1088

**COMMONWEALTH of Pennsylvania**

**v.**

**Curtis Marion SAWYER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 14, 1982.

Filed Dec. 30, 1982.

74

Robert L. Simmons, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

PER CURIAM:

Appellant, Curtis Marion Sawyer, was charged with multiple counts: 1) robbery [1], conspiracy [2], and simple assault [3].

1. 18 Pa.C.S.A. § 3701.

2. 18 Pa.C.S.A. § 903.

3. 18 Pa.C.S.A. § 2701.

On January 8, 1980, the jury returned verdicts of guilty on all counts. Subsequently, appellant filed timely post-verdict motions which were denied. Appellant was then sentenced to a period of incarceration of not less than five nor more than ten years.

Appellant raises four (4) issues on appeal. These are: 1) whether trial counsel was ineffective for failing to call an alibi witness?; 2) whether the court's removal of a juror was an abuse of discretion?; 3) whether trial counsel was ineffective in her representation of appellant?; and 4) whether the evidence was sufficient to support the conviction?

The Commonwealth's evidence is as follows:

On August 4, 1979, at approximately 9:00 a.m., Tim Fallon was walking on Walnut Street in McKeesport on his way to his apartment. Just as he entered the doorway which was at street level, Donna Dixon, who had been walking behind Mr. Fallon with the appellant, suddenly entered the doorway blocking Fallon's entrance. At the same time, appellant grabbed the victim by the shoulders preventing him from moving.

While Mr. Fallon was in the grasp of the appellant, Donna Dixon went through his pockets removing currency and his wallet which she gave to appellant. Appellant then removed Mr. Fallon's money from the wallet and placed all the money which amounted to one hundred seventy ($170.00) dollars in his pocket. Subsequently, appellant threw the wallet on the pavement and shoved his aged victim to the ground. Appellant and Dixon then walked to the corner where they separated.

Just prior to these events, Gerald Tarr, who owned a business on Walnut Street, had observed Mr. Fallon pass his shop. Mr. Tarr also observed appellant and Ms. Dixon, both of whom he knew by name also, pass by a short distance behind Mr. Fallon.

Mr. Tarr had left his shop going to a job and was on the opposite side of the street approximately forty feet from

the three parties and observed the robbery scenario. He immediately went back to his shop to summon the police, but before he could telephone he saw the police cruiser responding to a call about the robbery. Mr. Tarr approached the police vehicle and told Officer Charles Heidenfelder that he had observed the robbery and identified the perpetrators by name.

Officer Heidenfelder subsequently found Mr. Fallon about a block away, and after Mr. Fallon told him that he had been robbed and injured, the officer took him to the hospital where his left hand was sutured for a cut. Sawyer and Dixon were subsequently arrested. Ms. Dixon fled the jurisdiction and at the time of the trial, her whereabouts was unknown.

■ Regarding appellant's first contention of error, to find a deprivation of the constitutional right to effective assistance of counsel[4], this Court must make an independent examination of the record.

"We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." (emphasis added).

*Commonwealth v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967); *Commonwealth v. Owens,* 454 Pa. 268, 272, 312 A.2d 378, 380 (1973).

■ More specifically, concerning a failure to call an alibi witness, our Court in *Commonwealth v. Williams,* 271 Pa.Super. 114, 120, 412 A.2d 601, 604 (1979) stated that

4. U.S. Const. amend. VI; Pa. Const. Art. I, § 9, P.S.

"ineffectiveness of counsel may be found in cases where counsel fails to obtain the testimony of a known alibi witness whose testimony would cast a shadow on the Commonwealth's case."

Appellant contends that since appellant's trial counsel wrote him a letter stating that she was trying to contact an alibi witness, and, in that, at trial this witness was not called to testify, appellant's judgment should be vacated. First, mention must be made of this letter. Appellant's trial counsel in the letter stated that, "I am trying to call Mr. Moss (the alibi witness) at the Realty Company. I am sure that you know that if he can't remember what occurred on August 4th, he will be no good to our case and I won't subpoena him." Since the record before us is devoid of any further comment regarding why the alibi witness was not called to testify, we are presented with the same problem as faced by our Supreme Court in *Commonwealth v. Jennings*, 489 Pa. 578, 414 A.2d 1042 (1980).

Thus, instead of vacating the judgment as appellant contends, we, as the Court in *Jennings*, remand this issue to the trial court for an evidentiary hearing to determine the grounds for counsel's conduct. *Commonwealth v. Jennings*, supra; *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1975); *Commonwealth v. Moore*, 466 Pa. 510, 353 A.2d 808 (1976).

Regarding the second issue raised in this appeal, Pa.R.Crim.P. 1108(a) provides: "... Alternate jurors in the order in which they are called shall replace principal jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties." Thus, the decision to remove a juror is within the sound discretion of the trial judge. *Commonwealth v. Saxton*, 466 Pa. 438, 353 A.2d 434 (1976). However, before we can review the wide discretion afforded the trial judge in this regard, *Commonwealth v. Black*, 474 Pa. 47, 56, 376 A.2d 627, 632 (1977), there must be a sufficient record of competent evidence on the grounds for removal. *Commonwealth*

*v. Saxton,* 466 Pa. 438, 442, 353 A.2d 434, 436 (1976); *Commonwealth v. Grassmyer,* 266 Pa.Super. 11, 17, 402 A.2d 1052, 1955 (1979). Thus, we remand so that a sufficient record may be made on the grounds for removal of the juror.

Appellant's third allegation of error involves a number of contentions of ineffective assistance of counsel. Appellant first contends that because testimony offered by the eyewitness to the crime conflicted with testimony offered by the victim, this constituted prohibited impeachment and trial counsel was therefore ineffective for failing to object to this testimony. In the present case, the Commonwealth offered two witnesses to the robbery and simple assault. First, the Commonwealth presented the aged victim and, then the Commonwealth offered an eyewitness to the crimes. The only aspect of difference in their testimonies regarding this incident was a minor time element difference concerning when this incident occurred. Our Supreme Court in *Commonwealth v. Myrick,* 468 Pa. 155, 164, 360 A.2d 598, 602 (1976), when confronted with a similar situation stated:

> "It is well settled a party may contradict his own witness by independent evidence showing facts to be different from those testified to by such witness.... Such rule does not violate the general rule that one may not impeach. Impeachment is directed to the credibility of the witness for the purpose of discrediting him. It ordinarily furnishes no factual evidence. Contradiction on the other hand, is directed to the accuracy of testimony and supplies additional factual evidence to be considered along with such testimony. Such evidence as is relevant to the issues may not be excluded because it contradicts another witness called by the same parties, whether such witness is friendly or hostile."

*Talley v. Richart,* 353 Mo. 912, 917, 185 S.W.2d 23, 26 (1945), quoted with approval in *Commonwealth v. Staino,* 204 Pa.Super. 319, 327–28, 204 A.2d 664, 668 (1964). *Commonwealth v. Smith,* 424 Pa. 544, 548–49, 227 A.2d 653, 656 (1967).

■ Since to object to the testimony as offered would have been useless, trial counsel was not ineffective. *Commonwealth v. Tarver*, 491 Pa. 253, 420 A.2d 438 (1980).

Appellant next raises the allegation that trial counsel's failure to object to comments allegedly made by the district attorney urging the jury to disregard the victim's testimony as to the time elements involved, constitutes ineffective assistance of counsel. While the closings of counsel were not reported, even if these alleged remarks were made, they would not be improper.

■ The district attorney's function in his closing is to review the evidence and argue the Commonwealth's strongest position to the jury. Since the Commonwealth's strongest position would be for the jury to accept the eyewitness's account of the time element over which the robbery and simple assault took place, the alleged remarks made by counsel during his closing were not improper. Thus, trial counsel could not be deemed ineffective for failing to object to them.

■ Appellant also contends that trial counsel was ineffective for not questioning the eyewitness regarding how the eyewitness knew appellant. The district attorney, during a conference with the court, told the appellant's trial counsel that if appellant's counsel would ask the eyewitness how he knew the appellant, the eyewitness would testify that the appellant, before the present incident occurred, had damaged the eyewitness's store while trying to shoot appellant's girlfriend. Since this testimony would be very damaging to appellant's case, trial counsel was not ineffective for failing to cross-examine the eyewitness regarding his prior knowledge of appellant.

■ Appellant's final contention of ineffectiveness regards an alleged conflict of interest due to appellant being represented by the public defender's office at trial. Previously to this trial, appellant had been represented by the public defenders office on an unrelated charge of burglary, regarding which appellant subsequently alleged ineffective

assistance of counsel on appeal. This appeal was pending at the time of trial on the instant charges. Thus, appellant alleges it was a conflict of interest for the public defenders office to represent the appellant at trial.

Appellant cites *Commonwealth v. Bass*, 273 Pa.Super. 405, 417 A.2d 712 (1980), in support of this position.

However, appellant is mistaken on this reliance on *Bass*, supra. In *Bass*, our Court remanded to the trial court for appointment of new counsel, not associated .with the public defenders office, due to the appellant raising allegations of ineffectiveness of the public defenders office at trial. In the present case, private counsel has been appointed in this appeal so that the *Bass* standard has been met.

■ Therefore, appellant was not denied effective assistance of counsel since no actual conflict of interest existed. *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

■ Appellant's final contention of error is that the evidence is insufficient to support the conviction. Viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, we believe the evidence is sufficient to support the conviction.[5]

We are, therefore, constrained to rule that the allegation that trial counsel was ineffective for failure to call an alibi witness is of arguable merit and we will remand for an evidentiary hearing. The same ruling relates to the allegation that the trial court's removal of a juror was improper.

5. In *Commonwealth v. Rose*, 463 Pa. 264, 267–68, 344 A.2d 824, 825–26 (1975), the Supreme Court stated:

"The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing the proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt.... Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced.... The fact-finder is free to believe all, part, or none of the evidence." (Citations omitted.)

In the event that, upon remand, the trial court finds that counsel was not ineffective, the judgment of sentence shall remain in full force and effect.

Affirmed in part and remanded for proceedings not inconsistent with the opinion.