466 A.2d 666

**COMMONWEALTH of Pennsylvania**

v.

**Alfred ELLIOTT, Appellant.**

Superior Court of Pennsylvania.

Submitted March 2, 1982.

Filed Oct. 7, 1983.

Richard A. Ash, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Alfred Elliott was tried by jury and convicted of rape. The conviction and judgment of sentence were affirmed on direct appeal by this Court. *Commonwealth v. Elliott,* 228 Pa.Super. 753, 312 A.2d 801 (1973). Allocatur was denied. Elliott then filed a pro se petition for relief under the Post Conviction Hearing Act, 42 Pa.C.S. § 9541 et seq. New counsel was appointed and filed an amended petition, in which the effectiveness of prior counsel's representation was challenged. Following evidentiary hearings, the P.C.H.A. court dismissed the P.C.H.A. petition. This appeal followed.

Appellant's P.C.H.A. petition recited numerous instances of alleged ineffectiveness of counsel during pretrial proceedings, at trial, and on direct appeal. These averments included (1) an alleged failure to conduct pretrial discovery or otherwise make an adequate investigation of the facts; (2) a failure to call as part of the defense a known and available alibi witness; (3) a failure to show the distance between the site of the crime and the place where appellant testified he had been at the time of the crime; (4) a failure to demonstrate the differences between the vehicle in which appellant was arrested and the vehicle described by the victim as the place of the rape; (5) a failure to move pre-trial to suppress evidence obtained allegedly as a result of an unlawful search and seizure; (6) a failure to make various objections during trial; (7) joining a request for a curative instruction after the jury had heard evidence of an unrelated auto theft; and (8) failing to file an adequate appellate brief in support of appellant's direct appeal. Evidentiary hearings were held on five separate dates, to wit: November 20, 1978, December 18, 1978, March 5, 1979,

March 6, 1979 and November 2, 1979. An opinion filed February 17, 1981 was accompanied by an order denying relief. The opinion contained no specific findings of fact but concluded generally as follows:

> We have reviewed this record in its entirety and we are convinced and find as a fact that the defendant was not deprived of his constitutional right to representation by competent and effective counsel. On the contrary, we conclude as a matter of law that defendant's counsel competently and effectively did represent this defendant.

On appeal from the order denying P.C.H.A. relief, appellant contends, inter alia, that the court's opinion was inadequate because it failed to contain findings of fact, and that, in any event, the court erred in finding trial counsel effective.

■ We agree that the hearing court's opinion is inadequate. Although the opinion contains an accurate recitation of applicable legal principles, it does not contain findings of fact and does not resolve fundamental conflicts in the evidence. Without findings of fact, this Court cannot fulfill in a meaningful way its responsibility to conduct appellate review.

■ Several illustrations will demonstrate the impossibility of conducting appellate review in this case. Appellant testified at the P.C.H.A. hearing that he had informed trial counsel in advance of trial that Bernard Broomer was an alibi witness. Broomer testified at the P.C.H.A. hearing that he had been with Elliott at the time the crime was allegedly committed. He also testified that he had given this information to appellant's trial counsel and had offered to appear and testify as an alibi witness. He testified that he had heard nothing further from counsel. Counsel testified, however, that he had not been given Broomer's name prior to trial and was not aware that he had relevant information. This presented a clear conflict, the resolution of which was essential to a decision. If trial counsel failed to obtain favorable testimony of a known alibi witness, his

failure suggests ineffectiveness which will probably require a new trial. See: *Commonwealth v. Anderson,* 501 Pa. 275, 287, 461 A.2d 208, 214 (1983); *Commonwealth v. Sawyer,* 309 Pa.Super. 72, 77, 454 A.2d 1088, 1090 (1982); *Commonwealth v. Williams,* 271 Pa.Super. 114, 120–121, 412 A.2d 601, 605 (1979). See also: *Commonwealth v. Wade,* 501 Pa. 331, 332, 461 A.2d 613, 614 (1983); *Commonwealth v. Leonard,* 499 Pa. 357, 361, 453 A.2d 587, 589 (1982); *Commonwealth v. Casner,* 315 Pa.Super. 12, 21, 461 A.2d 324, 328 (1983); *Commonwealth v. Stafford,* 307 Pa.Super. 278, 288, 453 A.2d 351, 355–356 (1982). There can be no ineffectiveness, however, if the existence of the alibi witness was not disclosed to counsel. See: *Commonwealth v. Owens,* 454 Pa. 268, 272–273, 312 A.2d 378, 381–382 (1973); *Commonwealth v. Blackwell,* 312 Pa.Super. 117, 122, 458 A.2d 541, 544 (1983); *Commonwealth v. Williams,* 310 Pa.Super. 501, 516, 456 A.2d 1047, 1055 (1983); *Commonwealth v. Oliver,* 280 Pa.Super. 274, 277, 421 A.2d 719, 721 (1980); *Commonwealth v. Williams,* 274 Pa.Super. 464, 472, 418 A.2d 499, 504 (1980).

Another of appellant's contentions is that trial counsel failed to discover and, therefore, was unable to use at trial a statement made by the victim and appearing in police files that the glove compartment of the vehicle in which the rape occurred contained an inscription which began with the letter "G" or "C." In fact, as was demonstrated by photographic evidence introduced at the P.C.H.A. hearing, the glove compartment of the vehicle driven by appellant contained the word "Thunderbird." Appellant contends further that the Commonwealth had in its possession exculpatory, scientific evidence which trial counsel failed to discover because of pre-trial ineffectiveness. We cannot make an evaluation of the merits of these contentions. We can only review the hearing court's order if it will first fulfill its responsibility to make necessary findings of fact. See: Pa.R.Crim.P. 1506(5).[1]

---

1. Pa.R.Crim.P. 1506 provides:
   When the court grants a post conviction hearing, it shall:

On prior occasions we have remanded for findings of fact where the P.C.H.A. hearing court failed to resolve conflicts in the evidence or determine issues of credibility. See: *Commonwealth v. Whittman,* 306 Pa.Super. 174, 175, 452 A.2d 271, 272 (1982); *Commonwealth v. Reed,* 298 Pa.Super. 480, 482–483, 444 A.2d 1285, 1285–1286 (1982). See also: *Commonwealth v. Howell,* 290 Pa.Super. 144, 434 A.2d 171 (1981); *Commonwealth v. Sims,* 265 Pa.Super. 55, 401 A.2d 797 (1979); *Commonwealth v. Diggs,* 254 Pa.Super. 262, 385 A.2d 1010 (1978). This is another case which must be remanded.

Remanded with directions to the hearing court to promptly make findings of fact. Meanwhile, jurisdiction is retained.

WICKERSHAM, J., filed a dissenting opinion.

WICKERSHAM, Judge, dissenting:

This is an appeal from a court order denying relief requested in a petition filed pursuant to the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541–51 (hereinafter PCHA). The pertinent facts are as follows:

On January 29, 1972 appellant Alfred Elliott forced a thirteen year old girl into a stolen car and then raped her. The victim immediately reported the crime and provided the police with a description of Elliott and the car. Elliott was arrested on February 12, 1972 and was subsequently identified by the victim as her assailant; the victim also identified the car as the one in which she was raped. Elliott moved to suppress the identification of himself and the automobile but the motion was denied. A trial was held before the Honorable Joseph C. Bruno and a jury and Elliott was found guilty of rape. Post-verdict motions were filed and denied; Elliott was subsequently sentenced to a minimum of eight years and a maximum of twenty years imprison-

....
(5) Cause all evidence adduced at the hearing to be recorded, file a statement of record setting forth its findings of fact and its conclusions of law[.]

ment. Direct appeal was taken and sentence affirmed by this court without published opinion in *Commonwealth v. Elliott*, 228 Pa.Super. 753, 312 A.2d 801 (1973). A petition for allocatur to the Pennsylvania Supreme Court was denied.

On September 15, 1977, Elliott filed a petition for relief under the PCHA. Counsel was appointed and an amended petition filed. After hearings, the petition was denied. This appeal followed.

Appellant Elliott states the first question involved as follows:

Where defense counsel fails to carry out any pretrial investigation with regard to a known Commonwealth key item of evidence, fails to move to suppress key Commonwealth evidence as the product of an unlawful search and seizure, fails to move for the production of exculpatory evidence in the prosecution file, fails to request a copy of the complainant's formal statement until midtrial after she left the witness stand, fails to object to the use of highly prejudicial and inadmissible evidence throughout the trial, joins in a statement to the jury which taints their impartiality, fails to call a requested key alibi witness, fails to place on the record key facts necessary to the defense and does these things without any possible showing that they are in furtherance of any legitimate trial strategy—has the defendant been provided with constitutionally guaranteed competent defense counsel?

Brief for Appellant at 2.

Elliott contends that his trial counsel failed to properly investigate and examine the interior of the car in which the rape occurred, which examination might have aided him in his attempts to impeach the victim. Elliott argues that the victim told police that on the glove compartment of the automobile in which she was raped was a word beginning with the letter "G" or "C" and that, in fact, emblazoned on the glove compartment was the word "Thunderbird" written in cursive script. In view of the extremely insignificant

value such trivial impeachment could possibly have, I find any possibility of error in this regard to be harmless.

Elliott's next claim is that his trial counsel was ineffective for failing to move to suppress the victim's identification of Elliott as her attacker on the grounds that Elliott was arrested without probable cause and subsequent identification of him was "fruit of the poisoned tree." Elliott's arrest was supported by probable cause. Two weeks after the crime an off-duty police officer, James Weldon, observed a young girl leap back from the car Elliott was driving and hurry away. Weldon then observed Elliott as he rode further down the street and made comments to a woman on the sidewalk. Weldon immediately recalled the similarity between Elliott and the auto he was driving and a description of the rape suspect and his vehicle; he told the officer on duty in that area, Officer Gress, of his observations. Gress also noted the similarity between Elliott and the car he was driving and the description of the rape suspect and his auto. Gress stopped Elliott and asked for his owner's card and license; upon noting a discrepancy in the two documents, Gress held Elliott for further investigation; the car was confirmed to be stolen. Elliott was later charged with the rape. Counsel can hardly be faulted for failing to challenge a valid arrest.

Elliott next faults his trial counsel for failing to move for the production of certain allegedly exculpatory evidence, specifically, a tire tread comparison test and an analysis of the sweepings of the interior of the car where the rape took place. Neither item was relevant however. The tire tread comparison test merely indicated that a tread chosen for comparison from the heavily travelled area around the rape scene did not match the tread of the vehicle Elliott drove. Similarly, the analysis of the sweepings taken from the interior of the car established only that no hair or blood of the victim was present in the samples taken over two weeks from the time of the incident. The remoteness in time of the crime negates the relevancy of this test as exculpatory evidence. Because the test results were irrelevant, I find

their non-disclosure could not have affected the outcome of the trial. *See generally Commonwealth v. Wallace,* 500 Pa. 270, 279, 455 A.2d 1187, 1192 (1983) (nondisclosure of requested material mandates a new trial where material might have affected outcome of trial).

Elliott also argues that his trial counsel was ineffective for failing to request a copy of the victim's statement to the police until after her testimony was completed. This is alleged to have resulted in trial counsel's inability to cross-examine the victim concerning her description of the car in which she was raped. The inconsistencies Elliott advances as the missed opportunity for impeachment (Brief for Appellant at 23) were so trivial in comparison to the victim's positive identification of Elliott and the vehicle as to be, at most, harmless error.

Trial counsel also is alleged to be ineffective for failing to object in eight specific instances to testimony characterized as inadmissible. These claims are waived as they were not presented to the lower court in the PCHA petition. *See Commonwealth v. Pettus,* 492 Pa. 558, 564, 424 A.2d 1332, 1335 (1981) (specific claims of ineffectiveness not enumerated in a counseled PCHA petition are waived).

Trial counsel was also allegedly ineffective for asking for a curative instruction (which was given) rather than a mistrial when a witness made reference to Elliott in connection with a stolen automobile. I find trial counsel's decision to request a curative instruction rather than a mistrial to be within the realm of effective trial tactics in this case. *See generally Commonwealth v. Brown,* 274 Pa.Super. 609, 612–13, 418 A.2d 573, 575 (1980) (reasonable for defense counsel not to object or seek mistrial for improper comment by prosecutor when he thought case was going well).

Trial counsel also allegedly failed to call an alibi witness, one Bernard Broomer. Trial counsel denied that Elliott ever mentioned Broomer as an alibi witness before trial (Record, 3/6/79, 49–50) even though Broomer testified he had been a friend of Elliott for years and supposedly spent four hours with him covering the time period of the rape. I find no error here.

Trial counsel also is alleged to have been ineffective for failing to establish the distance between the site where alibi witnesses claimed to have seen Elliott near the time of the rape and the location of the rape. I note that Elliott's alibi witnesses testified only as to the approximate times they saw Elliott and that establishing the exact distance of the crime site away from the locations where he was seen may well have undermined the alibi defense by showing there was sufficient time for Elliott to have committed the crime and still have been seen at the approximate times and places his alibi witnesses claimed to have seen him.

Appellant Elliott frames the next issue involved as follows:

Where an entirely inadequate brief is used on appeal—has a defendant been provided competent counsel in connection with his appeal?

Brief for Appellant at 2.

Elliott argues that his prior counsel was ineffective for filing a brief on appeal virtually identical to that filed in support of post-trial motions in the lower court as that brief failed to conform to the formal requirements for an appellate brief and was not responsive to the lower court opinion. My review of the brief reveals no harm to Elliott as a result of its filing. Elliott does not allege that the brief was stricken as a result of its procedural noncompliance or that it fails to discuss the authorities relevant to the points preserved for appeal.

Elliott also maintains that prior counsel was ineffective because the brief he filed on direct appeal did not raise the issue that Elliott could not have waived his right to counsel at his lineup because he was not informed at the time of the lineup of the nature of the crime for which he was being investigated. I find no merit in these contentions.

Appellant Elliott frames his final question involved as:

Did the court exclude admissible evidence?

Brief for Appellant at 2.

Elliott alleges the PCHA court erred when it excluded several affidavits concerning the lettering on the glove

compartments of various vehicles and the present unavailability of the Thunderbird in which the rape took place. These affidavits were produced to show that trial counsel was ineffective for failing to attempt to impeach the victim as to the lettering on the glove compartment of the car in which she was raped. I find no error in trial counsel's failure to attempt to impeach the victim on this trivial point and, accordingly, find no error in the exclusion of affidavits offered in support of such contention.[1]

I would affirm the order of the P.C.H.A. court.

1. The majority opinion holds that the PCHA court failed to expressly resolve conflicts in the evidence and to determine issues of credibility, and that the case must be remanded for findings of fact.

Although there are some conflicts in the evidence which the PCHA court failed to specifically resolve, I think that the lower court's opinion implicitly states what evidence was believed to be credible and what was not believed.

Other "conflicting" evidence seems insignificant and therefore any error that may have occurred was harmless (i.e.—victim's report to police that the word on the glove compartment began with a "G" or "C," when the word actually was "Thunderbird").

I believe that the PCHA court's opinion sufficiently indicates to us how the PCHA court believed the conflict in the evidence should be solved.