467 A.2d 898

**COMMONWEALTH of Pennsylvania**

**v.**

**Alan PRESBURY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1983.
Filed Nov. 10, 1983.

70

Harvey W. Robbins, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

PER CURIAM:

Alan Presbury was tried by jury and was found guilty of murder in the first degree as a result of the killing of Blair Lee in May, 1974, at 28th and Huntingdon Streets in Philadelphia. A sentence of life imprisonment was imposed, and, on direct appeal, the judgment of sentence was affirmed. See: *Commonwealth v. Presbury*, 475 Pa. 48, 49, 379 A.2d 569 (1977). Presbury subsequently filed a petition under the Post Conviction Hearing Act. Counsel was appointed, and evidentiary hearings were held. Appellant's P.C.H.A. petition was thereafter dismissed, and this appeal followed.

Presbury contends, on appeal, that trial counsel was ineffective for the following reasons: (1) he failed to utilize

a juvenile record to impeach an eyewitness who gave damaging testimony against appellant; (2) he failed to call character witnesses; (3) he failed to prove that appellant had no prior criminal record; (4) he failed to establish that the group to which appellant allegedly belonged was not a "gang"; (5) he pointed out to the jury inconsistencies in the defense case; and (6) he cross-examined a Commonwealth witness concerning the existence of evidence not produced at trial.

Unfortunately, the P.C.H.A. hearing court has made no findings of fact regarding these issues. Findings of fact are required by Pa.R.Crim.P. 1506(5) and by the decided cases. See: *Commonwealth v. Elliott,* 319 Pa.Super. 521, 466 A.2d 666 (1983); *Commonwealth v. Whittman,* 306 Pa.Super. 174, 452 A.2d 271 (1982); *Commonwealth v. Reed,* 298 Pa.Super. 480, 444 A.2d 1285 (1982). Without findings of fact by the trial court, this Court cannot conduct meaningful appellate review.

Remanded with directions to the P.C.H.A. hearing court to make findings of fact within sixty days. Meanwhile, jurisdiction is retained.