414 A.2d 1042

**COMMONWEALTH of Pennsylvania**

v.

**Robert Lark JENNINGS, Appellant.**

Supreme Court of Pennsylvania.

Argued April 21, 1980.

Decided May 30, 1980.

James R. Leonard, Jr., Lancaster, for appellant.

Joseph C. Madenspacher, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an affirmance by the Superior Court[1] of a judgment of sentence imposed upon appellant, Robert Lark Jennings, following convictions for robbery and conspiracy in a jury trial in the Lancaster County Court of Common Pleas. Four contentions are raised in this appeal: (1) that the right to speedy trial under Pa.R.Crim.P. 1100 was violated; (2) that the evidence was insufficient to prove guilt beyond a reasonable doubt; (3) that the trial court abused its discretion in denying a motion for continuance to allow production of certain alibi witnesses; and (4) that trial counsel was ineffective. After thoroughly reviewing the first three arguments, we find them to be without merit. The fourth assertion, however, is of arguable merit and for the reasons that follow we remand this case to the trial court for an evidentiary hearing to determine the effectiveness of trial counsel.

On appeal to the Superior Court, appellant was represented by new counsel who timely raised the claim of ineffectiveness of trial counsel. See *Commonwealth v. Smallwood*, 465 Pa. 392, 350 A.2d 822 (1976). The basis of the ineffectiveness claim is that counsel inadequately prepared for trial

1. *Commonwealth v. Jennings*, 251 Pa.Super. 598, 381 A.2d 896 (1977).

and, consequently, for apparently no sufficient reason failed to seek out alibi witnesses crucial to appellant's defense. The record indicates that the ineffectiveness claim has potential merit: specifically, trial counsel may have brushed aside appellant's efforts to communicate with him, and, by failing to timely pursue a writ of habeas corpus ad testificandum prepared by appellant, trial counsel may have precipitated the denial by the court of a requested continuance for production of alibi witnesses. A failure to attempt to produce material witnesses can be a sound basis for an ineffectiveness claim. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). Because the reasons, if any, for counsel's inaction cannot be determined from the record before us, the appropriate remedy is to remand to the trial court for an evidentiary hearing to determine the grounds for counsel's conduct. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1975). *Commonwealth v. Moore*, 466 Pa. 510, 353 A.2d 808 (1976).

Case remanded.