453 A.2d 351

**COMMONWEALTH of Pennsylvania**

v.

**Herman STAFFORD, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 28, 1981.

Filed Nov. 15, 1982.

280

Norman J. Barilla, New Castle, for appellant.

David Hepting, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

This appeal comes before us from the judgment of sentence of the Court of Common Pleas of Butler County,

wherein the appellant, Herman Stafford, was convicted of attempted statutory rape [1] and corrupting the morals of a minor.[2] Appellant contends on appeal that: (1) the trial court erred in not stating on the record whether the sentence was imposed on the attempted statutory rape conviction or the corrupting the morals of a minor conviction; (2) the trial court erred in denying defense counsel's request for a "missing witness" instruction to the jury; (3) appellant's trial counsel was ineffective in failing to object to the trial judge's charge to which the jury was at variance with the bill of information; specifically that the information charged the defendant only with attempted rape and the trial court instructed the jury that the defendant could be found guilty either of attempted rape or attempted statutory rape; and (4) appellant's trial counsel was ineffective in failing to comply with Pa.R.Crim.P. 305(C)(1)(a) requiring notice of an alibi defense and thereby appellant was not permitted to present alibi witnesses. We find merit only in the appellant's final contention and accordingly remand this case for a determination of whether the appellant's trial counsel was ineffective.

The events giving rise to this case occurred on the afternoon of September 22, 1979. The prosecutrix, an eleven-year-old girl, was "hanging out" in front of Moore's Store in Portersville, Pennsylvania. The appellant drove up to the store in his pick-up truck and asked the prosecutrix if she wanted a ride in his truck, to which the prosecutrix said yes. A witness, Mr. Merl Bintrim, who lived about a half block from Moore's store, testified that he saw the prosecutrix climb into the truck. The prosecutrix testified that appellant said he would take her to a park; instead he drove a few miles down the road to a cornfield and backed his truck into the field. He then grabbed her, pushed her down on the seat and pulled down her pants and underpants. He then took down his own pants and laid on top of her for a "long time." He fondled her breasts with his hands and also

1. 18 Pa.C.S.C. § 3122, 18 Pa.C.S.A. § 901.

2. 18 Pa.C.S.C. § 3125.

her genitalia. After an indeterminate period he got up and said "I give up." Both parties then dressed and the appellant drove the prosecutrix home.

When the prosecutrix arrived home her mother asked where she had been and she replied that she "was up at school." When her mother asked her again, she told her what had happened. The parents of the prosecutrix took her to Butler Hospital to be examined. The examination revealed seminal fluid in the crotch area of the girl's underpants as well as pubic hairs which could not have belonged to her. The pubic hairs were "consistent with" hairs taken from the appellant pursuant to a search warrant.

The appellant testified that, at the time of the incident, his truck was parked and blocked in his driveway by other vehicles and that he was assisting his mother-in-law with a garage sale and also doing automotive repair work for his brother. The court refused to allow appellant to present alibi witnesses because appellant's trial counsel did not give timely notice of appellant's intent to assert an alibi defense under Pa.R.Crim.P. 305(C)(1)(a).

■ Addressing the appellant's claims, we first examine his contention that the trial court erred in failing to state on the record for which conviction sentence had been imposed. In presenting this argument, the appellant correctly asserts that a conviction for corrupting the morals of a minor is a lesser included offense of statutory rape and is therefore merged into a statutory rape conviction where the jury finds a defendant guilty on both. *Commonwealth v. Reidenbaugh,* 266 Pa.Super. 315, 404 A.2d 697 (1978); *Commonwealth v. Cox,* 209 Pa.Super. 457, 228 A.2d 30 (1967). Appellant also asserts that in the present case the corruption of the morals of a minor conviction is merged into the attempted statutory rape conviction. Again we agree with the appellant. However, appellant then asserts that the trial court committed reversible error when it failed to state on the record on which conviction sentence was imposed. He says this is so for the reason that the sentence may reflect the lesser included offense. We cannot subscribe to this argument. In *Commonwealth v. Cox, supra,* we reversed

the lower court's imposition of separate sentences for each conviction, stating:

> In the case now before us the only acts, other than fornication, on which a charge of corrupting could be based, are the acts of fondling the breasts of the victim and forcing her to kiss him, both of which occurred during or immediately before the act of fornication was committed. These acts are so clearly related to the act of fornication that we are led to the same conclusion which was reached by the Supreme Court of California in *People v. Greer,* 30 Cal.2d 589, 184 P.2d 512 (1947) and followed by the Court of Appeals of Maryland in *Bennett v. State,* 229 Md. 208, 182 A.2d 815, 4 A.L.R.3rd 862 (1962), under similar factual situations that the crime of contributing to delinquency was merged in the crime of statutory rape. Therefore it was error for the lower court to impose separate sentences on each of these two crimes.

Id., 209 Pa.Superior Ct. at 466, 228 A.2d at 35. See also *Commonwealth v. Eberts,* 282 Pa.Super. 354, 422 A.2d 1154 (1980).

■ In the present case, the trial court correctly imposed only one sentence on the appellant of two (2) to four (4) years imprisonment. This sentence is well within the limits established by the legislature for a felony of the second degree.[3] 18 Pa.C.S.A. § 106. Thus we find no error in the sentence imposed by the trial court.

■ The appellant's second contention, that the trial court erred in denying defense counsel's request for a "missing witness" instruction to the jury is also without merit. This court has repeatedly stated the prerequisites to be met before a "missing witness" instruction is mandated:

> The "missing witness" rule as it is often called, holds generally that "when a potential witness is available to only one of the parties to a trial, and it appears this witness has special information material to the issue, and

---

3. Statutory Rape is defined to be a felony of the second degree 18 Pa.C.S.A. § 3122. A criminal attempt is defined to be a crime of the same grade as the most-serious offense attempted. 18 Pa.C.S.A. § 905.

this person's testimony would not merely be cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference that it would have been unfavorable." *Commonwealth v. Moore,* 453 Pa. 302, 305, 309 A.2d 569, 570 (1973). The rule does not apply if "the Commonwealth adequately explains its inability to produce the witness . . . or establishes other reasons why the witness need not or should not be called." *Commonwealth v. Paull,* 250 Pa.Super. 416, 420, 378 A.2d 1006, 1007 (1977).

*Commonwealth v. Brown,* 267 Pa.Super. 530, 533–534, 407 A.2d 36, 38 (1979). Appellant asserts that this instruction should have been given because the Commonwealth did not produce witnesses who observed the prosecutrix enter the appellant's truck; including the sister of the prosecutrix, the store attendant and the wife of Commonwealth witness, Merl Bintrim. The appellant further contends that the father of the prosecutrix could have testified regarding the events that occurred when the prosecutrix returned home.

The Commonwealth contended and the trial court agreed that the testimony of the witnesses would be cumulative. We are in agreement with this conclusion. The appellant has made no showing that these witnesses had any special information material to the issue. Furthermore, the appellant has made no showing that these witnesses were not equally available to the defense. Under these circumstances we find no error in the trial court's denial of defense counsel's requested instruction.

■ Appellant also contends that his trial counsel was ineffective in failing to object to the trial judge's instruction to the jury which was allegedly at variance with the bill of information. We find no merit in this contention. In determining whether an appellant was afforded effective assistance of counsel, the court will make an independent review of the record. *Commonwealth v. Strader,* 262 Pa.Super. 166, 396 A.2d 697 (1978), and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); *Com-*

*monwealth v. Shirk,* 228 Pa.Super. 356, 323 A.2d 99 (1974). Counsel will be deemed effective if this court determines that the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interest. *Commonwealth ex rel. Washington v. Maroney, supra; Commonwealth v. Johnson,* 280 Pa.Super. 309, 421 A.2d 737 (1980). However, it is only when the claim is of arguable merit that we must make an inquiry into the basis for counsel's decision not to pursue the matter. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

In determining whether this claim is of arguable merit we must examine the trial judge's charge to the jury and the charge as set forth in the bill of information. The trial judge stated:

Thus, in your consideration of the charge of attempted rape, there are three possible verdicts: Guilty of attempted rape; not guilty of attempted rape but guilty of attempted statutory rape; or not guilty.

It is contended by the appellant that this is at variance with the bill of information which reads:

. . . the Defendant above named, in the County of Butler, did on or about such date between 4:30 and 6:30 P.M. in Muddycreek Township, in Butler County, committed an attempt when, with intent to commit the crime of rape, *attempted to have sexual intercourse* with one, Michelle Ann Kraly, *a female child, aged 11,* by forcible compulsion. (emphasis added)

 While the charge as set forth does include the elements for attempt to commit rape,[4] it also includes the elements of attempt to commit statutory rape. Herein the appellant was on notice of the charge of attempted statutory rape since the information set forth the elements of that crime as shown by the emphasized language. While the charge also set forth the element of forcible compulsion necessary to a conviction for attempted rape, we find no prejudice to the appellant. The basis of the appellant's defense was an alibi, not that the prosecutrix consented to

4. 18 Pa.C.S.A. § 3121, 18 Pa.C.S.A. § 901.

the act. This alibi defense, if proved, would be valid against charges of both attempted rape and attempted statutory rape. "The purpose of an indictment, and of an information, is to provide the accused with sufficient notice to prepare a defense, and to ensure that he will not be tried twice for the same act." *Commonwealth v. Ackerman,* 239 Pa.Super. 187, 361 A.2d 746 (1976); *Commonwealth v. Brown,* 229 Pa.Super. 67, 323 A.2d 845 (1974); *Commonwealth v. Rolinski,* 267 Pa.Super. 199, 202, 406 A.2d 763, 764 (1979). Here the appellant had notice of the crime for which he was found guilty, and his defense was suited to that crime. Therefore, there was no valid objection to the trial judge's jury charge. Since it is not a claim of arguable merit, counsel was not ineffective. *Commonwealth ex rel. Washington v. Maroney, supra.*

■ Finally, appellant contends that his trial counsel was ineffective in failing to give timely notice of the assertion of an alibi defense as required by Pa.R.Crim.P. 305(C)(1)(a), thereby precluding the appellant from presenting alibi witnesses at trial.[5] The appellant did offer the testimony of his wife and mother-in-law that the appellant's truck, the vehicle used in the crime, was parked in the driveway of his mother-in-law's house and was blocked in by two other vehicles on the day and at the time in question.[6] However, it is obvious from the record that appellant's trial counsel sought to present other witnesses to testify regarding the appellant's whereabouts, but was prevented by the trial court due to his failure to comply with the notice requirement of Rule 305(C)(1)(a). We have no record of the number or identity of witnesses the appellant wished to present, or of the content of their testimony.

■ Again we must first determine whether appellant's claim is of arguable merit, and in doing so, we are restricted by the lack of an adequate record from the court below.

5. Contrary to the Commonwealth's assertion, this issue was preserved in appellant's post-verdict motions.

6. The trial court limited the scope of testimony of these witnesses to their observations regarding the placement of appellant's truck. In any event, it is obvious that the jury disregarded their testimony.

Inasmuch as we do not know the identity of the alibi witnesses or the content of their testimony, it is impossible to determine whether the testimony would be helpful to the appellant's alibi claim. *Commonwealth v. Price,* 278 Pa.Super. 255, 420 A.2d 527 (1980). Faced with such an inadequate record we must remand the case for an evidentiary hearing to take the testimony of appellant's alibi witnesses and any other pertinent testimony to determine whether it would have been helpful to the appellant's case or not. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1976); *Commonwealth v. Henry,* 295 Pa.Super. 47, 440 A.2d 1215 (1982). If, after hearing the testimony of the witness, the lower court determines that the alibi claim was of arguable merit and that trial counsel was ineffective in failing to assert it, then the appellant must be afforded a new trial. If the lower court finds that counsel was not ineffective, the judgment of sentence shall be reinstated with no prejudice to appellant's right of appeal from that determination.

Accordingly, we order this case be remanded for a determination of whether appellant's trial counsel was ineffective in failing to give timely notice of an alibi defense. We relinquish jurisdiction.