465 A.2d 40

**COMMONWEALTH of Pennsylvania**

v.

**Charles MAYFIELD, Appellant.**

Superior Court of Pennsylvania.

Submitted May 2, 1983.

Filed Sept. 2, 1983.

Larry D. Feldman, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

McEWEN, Judge:

This is an appeal from a judgment of sentence imposed following a finding of guilt after a non-jury trial by the distinguished Philadelphia County Common Pleas Court Judge William Porter on charges of simple assault,[1] aggravated assault,[2] recklessly endangering another person,[3] and

1. 18 Pa.C.S.A. § 2701.

2. 18 Pa.C.S.A. § 2702.

3. 18 Pa.C.S.A. § 2705.

possessing an instrument of crime.[4] Appellant was sentenced to a term of imprisonment of from two to eight years for aggravated assault and a concurrent term of imprisonment of from two to five years for possessing an instrument of crime. Appellant now argues that trial counsel was ineffective for failing to obtain a continuance in order to obtain the presence of eyewitnesses to the offenses allegedly committed by appellant. We affirm.

This case arises out of an altercation between appellant and a street vendor who was conducting business at the corner of Broad Street and Girard Avenue in Philadelphia. Appellant approached the street vendor from behind, drew a pistol from a bag and fired several shots at the vendor. While the victim lay on the ground, appellant fired another shot into his back and then fled from the scene.

The assistant district attorney had during the trial been under the impression that the names and addresses of three witnesses known to the Commonwealth had already been supplied to trial counsel for appellant. When the prosecutor, at the conclusion of the presentation of the defense, realized that those witnesses had not been identified to trial counsel for appellant, counsel for the Commonwealth supplied that information and indicated a willingness to permit the defense to reopen its case. While the record does not reflect the content or nature of the discussion that then ensued between the prosecutor and trial counsel for appellant, the transcript does indicate that trial counsel did not proceed to move to reopen the defense so as to apply for a delay. Appellant now asserts that trial counsel was ineffective since he "neither attempted to reopen his case or continue it in order to obtain the presence and testimony of *probably* helpful witnesses." (Brief of Appellant at 5) (emphasis supplied). Appellant makes no other reference to these witnesses except to state that "[t]heir testimony *might* have been of incalculable aid to the appellant." (Brief of Appellant at 6) (emphasis supplied).

4. 18 Pa.C.S.A. § 907.

 When we study a claim of ineffectiveness of counsel, we first determine whether the claim is of arguable merit. Only if the underlying claim is of arguable merit do we consider whether the strategy chosen by trial counsel has some reasonable basis designed to effectuate the interest of the client. *Commonwealth v. Evans*, 489 Pa. 85, 94, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Kaufman*, 307 Pa.Super. 63, 73, 452 A.2d 1039, 1044 (1982). Our review of a claim that counsel was ineffective is governed by the standard enunciated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967):

> [C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

*Id.*, 427 Pa. at 604–05, 235 A.2d at 352–53. (emphasis in original).

 A failure to attempt to produce material witnesses can be a sound basis for an ineffectiveness claim, *Commonwealth v. Jennings*, 489 Pa. 578, 414 A.2d 1042 (1980); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975), and our appellate courts are not hesitant to remand appeals to the trial court for an evidentiary hearing to determine the grounds for the conduct of counsel when the reasons, if any, for the inaction cannot be determined from the record. *Jennings, supra; Twiggs, supra.* It might even seem that the remand directed by this court in *Commonwealth v. Stafford*, 307 Pa.Super. 278, 453 A.2d 351 (1982), is authority for the need to remand, since we there remanded for an evidentiary hearing despite the fact that there was "no record of the number or identity of witnesses the appellant wished to present, or of the content of their testimony." *Id.*, 307 Pa.Superior Ct. at 287, 453 A.2d at 355. However,

a study of that decision reveals that the basis for the ineffectiveness claim was apparent to this court since trial counsel there had embarked upon the presentation of an alibi defense, had introduced testimony that the truck of appellant, which had allegedly been used in the crime, was elsewhere at the time of the crime, and had assembled witnesses to testify concerning the whereabouts of appellant but was precluded from the presentation of such testimony by reason of his failure to provide timely notice of the assertion of an alibi defense as required by Pa.R.Crim.P. 305(C)(1)(a), 42 Pa.C.S.A. Thus, while the witnesses whom Stafford would have had his trial counsel present were not identified, the nature of their testimony and the benefit to Stafford of such testimony was apparent. That scenario differs vastly from the instant case since the claim of ineffectiveness here is based only upon vague assertions that certain witnesses might have been helpful to appellant if these witnesses had appeared at the trial and does not (1) identify the witnesses or (2) indicate the witnesses had been interviewed and (3) would have been helpful or even (4) that they would have provided material evidence.

Our Supreme Court in *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981), rejected a vague general claim of ineffectiveness that resembles the one raised in the instant case when it refused to remand a murder case for an evidentiary hearing since the appellant on direct appeal[5] merely argued that trial counsel was ineffective in failing to gather affirmative evidence which would have justified the transfer of the appellant to juvenile court. The court therein stated the reasons for its decision not to remand for an evidentiary hearing:

> Trial counsel's failure to gather and marshall said evidence on appellant's behalf could constitute ineffectiveness only if such evidence existed.... Assertions of

5. Appellant had filed a Post Conviction Hearing Act petition alleging trial counsel's ineffectiveness for failing to perfect an appeal on his behalf. The PCHA court granted appellant the right to appeal from the judgment of sentence nunc pro tunc, and thus, the proceeding before the Supreme Court was a direct appeal.

ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract.

*Id.*, 492 Pa. at 563, 424 A.2d at 1335. *See also, Commonwealth v. Brown*, 313 Pa.Super. 256, 459 A.2d 837 (1983) (holding that in an appeal from an order denying a PCHA petition, abstract, unsupported allegations of the ineffectiveness of all prior counsel are rejected where appellant failed to state what was wrong with the stewardship of counsel and what prejudice resulted).

Judgment of sentence affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Without an evidentiary hearing to explore trial counsel's alleged failure to take reasonable steps to interview known eyewitnesses, we cannot conclude his representation of appellant was constitutionally effective. I therefore dissent.

"It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty." *Commonwealth v. White*, 303 Pa.Superior Ct. 550, 553, 450 A.2d 63, 64 (1982), *quoting* ABA Standards Relating to the Defense Function, § 4.1. Although counsel may have a legitimate strategy for not calling eyewitnesses at trial, "there is no basis for the decision not to interview them nor attempt to do so." *Commonwealth v. Mabie*, 467 Pa. 464, 475, 359 A.2d 369, 374 (1976). "In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the

Commonwealth's witness's truthfulness is ineffective assistance of counsel." *Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443 (1975). Here, appellant testified he acted in self-defense. New counsel alleges the unheard-from eyewitnesses would be helpful to this defense. Nothing on the record indicates whether trial counsel ever attempted to learn if these identified eyewitnesses would corroborate appellant's version, or why trial counsel so summarily dismissed their potential testimony. The petition thus raises a factual question of trial counsel's effectiveness requiring an evidentiary hearing. I therefore dissent, and would remand.