477 A.2d 1350

**COMMONWEALTH of Pennsylvania**

**v.**

**Pedro A. TORRES, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1984.

Filed May 18, 1984.

Eduardo C. Robreno, Philadelphia, for appellant.

Stuart L. Haimowitz, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, McEWEN and CIRILLO, JJ.

62

McEWEN, Judge:

This appeal is from a judgment of sentence imposed after appellant was found guilty by a jury of third degree murder and possessing an instrument of crime and sentenced to a term of imprisonment of from ten years to twenty years upon the murder conviction and to a consecutive term of imprisonment of from two and one-half years to five years for the weapons offense. Appellant, who is represented by new counsel, asserts that the trial assistant district attorney engaged in prosecutorial misconduct and that his two prior counsel[1] were ineffective. We affirm.

Appellant initially contends that "[t]he District Attorney engaged in prosecutorial misconduct when he argued to the jury that the defendant did not present all the evidence which counsel for the defense indicated in his opening address to the jury would be presented at trial." The record reflects that defense counsel, during the presentation of his opening address, stated:

We are also going to show or intend to show that ... Pedro's life was threatened by [ ] the brother of the deceased. He fled the site.

When appellant failed to present evidence explaining his flight from Philadelphia to Lancaster as a result of the purported death threat, the assistant district attorney stated during his closing argument:

And we go back to something [defense counsel] told you in his opening argument. He told you he was going to show you how this defendant fled to Lancaster because he was threatened by the victim's family. Well, where was that? Did that ever come out? You never heard that evidence.

The immediate objection made by defense counsel was noted by the trial judge who, at the conclusion of the

1. Appellant was represented by court appointed counsel before he retained private counsel as trial counsel. Appellant is here represented by new counsel and it is alleged for the first time in this direct appeal that both prior counsel were ineffective.

closing argument, denied a motion by counsel for a mistrial and delivered to the jury this instruction:

> Now, counsel are required to advocate most strongly in favor of their particular client's case, to become impassioned, if they think it appropriate, and in this case there was only one objection raised which was made quietly, and the court acknowledged it. It was made by [defense counsel] during the closing address. At that time [the assistant district attorney] made reference to the defense opening statement and raised an inference that the defense did not prove that which it said it would prove in an opening statement. Ladies and gentlemen, the opening statement is not evidence. It should have no bearing on your determination as to whether or not the Commonwealth has, in fact, proven the defendant guilty beyond a reasonable doubt of any or all of the charges.
>
>     \*     \*     \*     \*     \*     \*
>
> We pointed out to you that the defendant has no burden at all. The defendant could well have elected to stand on the weakness of the Commonwealth's case and present no defense at all. So, in conclusion, then, the opening statements of counsel are not evidence at all. They're not to be considered by you in any way in reaching your decision.

The trial judge in his charge to the jury the following day further instructed:

> The defendant did not testify. You promised in your oath as jurors and in your individual questioning, you promised that you would not take that fact into consideration in deciding whether or not the Commonwealth had carried out its burden of proving him guilty.
>
>     \*     \*     \*     \*     \*     \*
>
> The attorneys made reference to evidence in closing address and we remind you that their addresses are not evidence. If they differ from your recollection, you substitute your own recollection, but you may be guided by what the lawyers had to say, what they said the witnesses said and a viewpoint that they put on it, how they

suggested that you might think about the case. However, as I told you, you can't speculate. You may not act on hunches or guesses. You may use evidence and reasonable inferences from that evidence, but you can't act on a guess or a hunch. Specifically, you may not speculate upon what Pedro Torres and [the victim] were arguing about or the reason why [the victim] was shot by whomever shot him. On the other hand, if you feel that the evidence justifies an inference, not a guess or a surmise, as to the motive for the shooting, you may be guided by such inference, but motive is not a necessary element of the crime. I didn't tell you that the Commonwealth had to prove motive. Certainly the defense doesn't have to prove anything.

Appellant now claims that the comments by the assistant district attorney violated (1) his Fifth Amendment protection against self-incrimination as enunciated in *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and (2) the Pennsylvania anti-comment rule.[2]

The claimed prosecutorial misconduct that we here consider focuses upon the allegation that appellant fled from Philadelphia to Lancaster. Appellant states in his brief that since he "was the only witness who could have explained why he left the Philadelphia area, the clear and unmistakable impression left by the District Attorney's comment was that the reason [he] did not explain his absence was that he had no exculpatory explanation to produce." Appellant argues, therefore, that the prosecutor engaged in adverse comment upon his failure to testify in his own behalf.

This Court has long recognized the principle "that the prosecutor's remarks to the jury should not contain any adverse reference to the failure of [an accused] to offer himself as a witness in the event that he does not testify on his own behalf." *Commonwealth v. Myers*, 131 Pa.Super. 258, 265, 200 A. 143, 146 (1938). The United States Su-

---

**2.** 42 Pa.C.S. § 5941(a). This section of the Judicial Code is substantially a reenactment of the Act of May 23, 1887, P.L. 158, § 10, 19 P.S. § 631.

preme Court, in *Griffin v. State of California, supra,* declared that the Fifth Amendment as applied to the states through the Fourteenth Amendment proscribes prosecutorial comment upon the silence of an accused. "The Court [thus] recognized that allowing the prosecution to comment on the accused's failure to testify was, in effect, allowing the failure to take the witness stand to be used as evidence against him, which in the minds of the jurors would be indicative of guilt." *Commonwealth v. Henderson,* 456 Pa. 234, 238, 317 A.2d 288, 291 (1974). This concern for the effect of prosecutorial comment upon the silence of an accused is reflected in the Pennsylvania statutory anti-comment rule which states:

**§ 5941. Persons who may be compelled to testify**

(a) General rule.—Except defendants actually upon trial in a criminal proceeding, any competent witness may be compelled to testify in any matter, civil or criminal; but he may not be compelled to answer any question which, in the opinion of the trial judge, would tend to incriminate him; *nor may the neglect or refusal of any defendant, actually upon trial in a criminal proceeding, to offer himself as a witness,* be treated as creating any presumption against him, or *be adversely referred to by court or counsel during the trial.* (emphasis supplied).

42 Pa.C.S. § 5941(a). Any statement by the prosecutor which indicates that an accused should testify or permits an unfavorable inference of guilt to be drawn from a failure of the accused to testify, is considered an adverse reference and a statement that is, therefore, proscribed by the statute. *Commonwealth v. Henderson, supra,* 456 Pa. at 238, 317 A.2d at 291; *Commonwealth v. Kloiber,* 378 Pa. 412, 418–420, 106 A.2d 820, 824–25, *cert. denied,* 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954). Thus, "a statement which draws attention to or focuses on the fact that no one except the defendant can rebut the Commonwealth's case falls within the proscription of the statute." *Commonwealth v. Reichard,* 211 Pa.Super. 55, 58, 233 A.2d 603, 604 (1967).

66

It can well be argued that the statement of the prosecutor endangered the Commonwealth presentation since the " 'prosecutor's statements, implied that [appellant] himself was the only one who could and should have denied the charges against him. The jury *might reasonably have inferred* from these statements that his failure to do so was evidence of his guilt.' " *Commonwealth v. Davis*, 452 Pa. 171, 174, 305 A.2d 715, 717 (1973) (emphasis in original) *quoting Commonwealth v. Reichard, supra*, 211 Pa.Super. at 60, 233 A.2d at 606. It cannot here be said, however, that appellant was the only party who could have proffered testimony concerning such threats and circumstances as inspired the fear that allegedly caused appellant to flee from Philadelphia to Lancaster. While the Commonwealth might have been better served had the prosecutor refrained from such rhetoric, however much the statement of defense counsel might have appeared a challenge, we conclude that the statement of the prosecutor did not violate appellant's constitutional right against self-incrimination or his statutory protection from adverse comment. We are of the further view that however questionable the statement of the prosecutor may have been, it was not so prejudicial as to constitute grounds for a new trial since (1) it was in response to an assertion by the defense; (2) the reference was not a broad, sweeping declaration but quite an abbreviated comment; (3) the comment did not even subtly suggest any inference of guilt; (4) the court provided an immediate curative instruction to the jury and engaged in a further and thorough curative effort in the charge to the jury; and (5) there was no significant evidence upon which the jury could have rendered a verdict of acquittal. *See Anderson v. Nelson*, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968); *Commonwealth v. Camm*, 443 Pa. 253, 277 A.2d 325 (1971), *cert. denied*, 405 U.S. 1046, 92 S.Ct. 1320, 31 L.Ed.2d 589 (1972). As a result, we are convinced beyond a reasonable doubt that the alleged error could not, in any event, have contributed to the verdict of the jury. *Commonwealth v. Story*, 476 Pa. 391, 405, 383 A.2d 155, 165 (1978); *Commonwealth v. Davis, supra*, 452 Pa. at 177, 305 A.2d at 719.

■ Appellant next contends that his prior counsel were ineffective as a result of the failure "to seek out and to call at trial defendant's alibi witnesses and/or eyewitnesses". When we review a claim that the stewardship of counsel was less than effective, we first ascertain whether the issue underlying the claim of ineffectiveness is of arguable merit. If the underlying claim is of arguable merit, we then determine whether the strategy chosen by counsel had a reasonable basis designed to effectuate the interests of his client. *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 698 (1977); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967); *Commonwealth v. Luther,* 317 Pa.Super. 41, 48, 463 A.2d 1073, 1077 (1983).

■ The first contention of ineffectiveness is predicated upon the allegation that appellant had informed an investigator of the existence of an alibi witness, his girlfriend, with whom appellant now claims he had been staying during the night of the murder. Appellant argues, therefore, that his pre-trial attorney was ineffective by reason of the failure to locate and communicate with this purported alibi witness. Appellant does not, however, allege he advised pre-trial counsel or trial counsel of the existence of this witness or that he even had an alibi, but instead concedes that pre-trial counsel "denies that [appellant] ever told him or his investigator that he had an alibi witness." Moreover, he advises that "the alibi witness is now unavailable." Appellant has thus failed to direct our attention to any evidence in the record which would indicate that the representation of counsel was less than effective in this regard. Counsel cannot be deemed ineffective when the record fails to demonstrate counsel's awareness of a possible alibi witness. *Commonwealth v. Robinson,* 487 Pa. 541, 545–46, 410 A.2d 744, 746 (1980); *Commonwealth v. Owens,* 454 Pa. 268, 274, 312 A.2d 378, 380 (1973); *Commonwealth v. Williams,* 274 Pa.Super. 464, 472–73, 418 A.2d 499, 504 (1980).

▪▪▪▪ As for the contention that counsel were ineffective by reason of the failure to interview potential eyewitnesses whose names were allegedly provided by the District Attorney's office, it is settled law that "claims of ineffectiveness cannot be abstractly viewed in a vacuum." *Commonwealth v. Anderson*, 501 Pa. 275, 287, 461 A.2d 208, 214 (1983). *See also Commonwealth v. Pettus*, 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981); *Commonwealth v. Smith*, 321 Pa.Super. 170, 212, 467 A.2d 1307, 1329 (1983); *Commonwealth v. Mayfield*, 318 Pa.Super. 450, 454–455, 465 A.2d 40, 42 (1983). When an appellant seeks to establish that counsel was ineffective for failing to call or investigate witnesses, it is not sufficient to merely allege the existence of "potential eyewitnesses who may have helped in establishing defendant's alibi defense." Rather, an appellant must also supply a factual basis indicating (1) the identity of the witnesses; (2) that counsel knew of the existence of the witnesses; (3) the material evidence that the witnesses would have provided; and (4) the manner in which the witnesses would have been helpful to his cause. *Commonwealth v. Smith, supra*, 321 Pa.Superior Ct. at 217–218, 467 A.2d at 1330; *Commonwealth v. Mayfield, supra*, 418 Pa.Superior Ct. at 454, 465 A.2d at 42; *Commonwealth v. Jones*, 298 Pa.Super. 199, 204, 444 A.2d 729, 732 (1982). Appellant has not done so. Therefore, we reject this contention.

▪▪▪▪ Appellant further contends that private counsel, who first appeared for appellant at a pre-trial hearing of December 2, 1981, "never discussed the case with [appellant] prior to the date trial was scheduled to commence" on January 4, 1982. This court has rejected the notion that the brevity of the time spent by counsel in conference with an accused may constitute per se ineffective assistance of counsel, *Commonwealth v. Jones, supra*, 298 Pa.Superior Ct. at 204, 444 A.2d at 732 *citing Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973), and has, as well, denied challenges arising from the fact that counsel did not conduct any conference with the accused until but a few

moments prior to the commencement of trial. *See Commonwealth v. Harper*, 233 Pa.Super. 294, 334 A.2d 761 (1975). As we have earlier indicated, appellant has not here provided either the name or the nature of the testimony of any witness whom trial counsel failed to present as a part of the defense; rather, the materials purportedly furnished by appellant himself and made a part of his brief reflect that trial counsel and the brother of appellant collaborated in the preparation of a defense. Nor has a careful study of the record enabled us to discern any way in which the representation of trial counsel may have reflected either inadequate preparation or lack of familiarity with the facts of the case. The nature of the challenge to counsel's stewardship does not constitute per se ineffective representation by counsel; and since appellant has failed to support his abstract claim of ineffectiveness with any factual averments suggesting ineffectiveness on the part of counsel, we reject this challenge without remanding for an evidentiary hearing.

Judgment of sentence affirmed.