J-S04042-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEON D. BODLE, | : | |
| | : | |
| Appellant | : | No. 1132 MDA 2014 |

Appeal from the PCRA Order Entered June 24, 2014,
in the Court of Common Pleas of Lycoming County,
Criminal Division, at No(s): CP-41-CR-0000743-2009

BEFORE:    BOWES, ALLEN, and STRASSBURGER, JJ.*

MEMORANDUM BY: STRASSBURGER, J.:          **FILED MARCH 24, 2015**

Leon D. Bodle (Appellant) appeals from the order entered on June 24, 2014 which denied his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate the order of the PCRA court and remand for an evidentiary hearing.

A prior panel of this Court summarized the facts underlying Appellant's conviction as follows.

> The police began investigating Appellant when the parents of an eleven year old girl informed them that Appellant, who had been the girl's substitute teacher in the past, began sending her instant messages that the parents believed were inappropriate. No charges were filed against Appellant stemming from his contact with this eleven year old girl; however, the police spoke to other female students and former students of Appellant about his interactions with them.  The police also interviewed Appellant and seized two computers that he used.  On the computers, the police discovered numerous images of child pornography.  As a result of the investigation by the police, the Commonwealth filed an Information charging Appellant with solicitation of involuntary deviate sexual intercourse with a child less than 16 years old,

*Retired Senior Judge assigned to the Superior Court.

unlawful communication with a minor, two counts of disseminating explicit sexual materials to a minor, twenty seven counts of sexual abuse of children related to possession of child pornography, four counts of criminal use of communications facility, and six counts of corruption of a minor.

A jury trial was held March 2-4, 2010. The jury found Appellant guilty of all of the charges except two counts of sexual abuse of children (Counts 9 and 18) and one count of corruption of a minor.

***Commonwealth v. Bodle***, 32 A.3d 286 (Pa. Super. 2011) (unpublished memorandum at 1-2).

The trial court held a hearing and concluded that Appellant was a sexually violent predator (SVP). Appellant was then sentenced to an aggregate term of 10 to 20 years of incarceration, followed by 10 years of probation. A panel of this Court affirmed Appellant's judgment of sentence on July 29, 2011, and our Supreme Court denied Appellant's petition for allowance of appeal on April 24, 2013. ***Id***., *appeal denied*, 65 A.3d 412 (Pa. 2013).

Appellant timely filed a *pro se* PCRA petition. Counsel was appointed, and an amended petition was filed. On May 14, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond, and on June 24, 2014, the PCRA court formally dismissed Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents two questions for our review.

1. The [PCRA] court erred by denying [Appellant's] request for an evidentiary hearing on the issue of trial counsel's ineffective assistance in failing to call character witnesses and in failing to discuss the importance of calling character witnesses with [Appellant] and by failing to grant [Appellant] a new trial due to counsel's error.

2. The [PCRA] court erred by denying [Appellant's] request for an evidentiary hearing on the issue of trial counsel's ineffective assistance in failing to subpoena phone records from Commonwealth witness J.E.'s home to demonstrate [Appellant] did not call her, for failing to subpoena disciplinary records for witness J.E. from the Sugar Valley [Charter] School and by failing to grant [Appellant] a new trial due to trial counsel's failure.

Appellant's Brief at 4 (unnecessary capitalization omitted).[1]

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007).

As Appellant's claims allege the ineffective assistance of trial counsel, we set forth the well-settled principles of law. In reviewing the PCRA court's denial of such claims, we bear in mind that counsel is presumed to be

_____

[1] The Commonwealth has not filed a brief on appeal.

- 3 -

effective. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." ***Id.*** Appellant's claim will be denied if he fails to meet any one of these three prongs. ***Id.***

We first consider Appellant's claim that counsel was ineffective for failing to investigate and call character witnesses, and we provide a brief summary of the law surrounding both the role and importance of character evidence in criminal cases.

> As a general rule, evidence of a person's character may not be admitted to show that individual acted in conformity with that character on a particular occasion. However, Pennsylvania Rule of Evidence 404(a)(1) provides an exception which allows a criminal defendant to offer evidence of his or her character traits which are pertinent to the crimes charged and allows the Commonwealth to rebut the same. This Court has further explained the limited purpose for which this evidence can be offered:

> > It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has "proper relation to the subject matter" of the charge at issue. Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. The

- 4 -

rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character.

It is clearly established that evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, ... is an independent factor which may of itself engender reasonable doubt or produce a conclusion of innocence. **Evidence of good character offered by a defendant in a criminal prosecution must be limited to his *general reputation for the particular trait or traits of character involved in the commission of the crime charged***. The cross-examination of such witnesses by the Commonwealth must be limited to the same traits. Such evidence must relate to a period at or about the time the offense was committed, and **must be established by testimony of witnesses as to the *community opinion* of the individual in question, *not through specific acts* or mere rumor**.

*Commonwealth v. Johnson*, 27 A.3d 244, 248 (Pa. Super. 2011) (citing

*Commonwealth v. Luther*, 463 A.2d 1073, 1077–78 (Pa. Super. 1983))

(citations omitted) (emphasis added).

We first consider whether Appellant's claim that trial counsel was ineffective in failing to investigate and call character witnesses presents an issue of arguable merit. "A claim has arguable merit where the factual

- 5 -

averments, if accurate, could establish cause for relief." ***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa. Super. 2013). "A claim that trial counsel did not conduct an investigation or interview known witnesses presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation." *Id*. at 712. Moreover, "failing to interview a witness is distinct from failure to call a witness to testify." ***Commonwealth v. Dennis***, 950 A.2d 945, 960 (Pa. 2008).

This Court has held repeatedly that a claim that counsel was ineffective for failing to investigate and call character witnesses has arguable merit because character evidence in and of itself can raise reasonable doubt in a jury's mind, and may be the only evidence available to a defendant in some cases. ***See Luther***, ***supra*** at 1078 (holding that there was arguable merit in a rape case to a claim that counsel was ineffective in failing to investigate or call character witnesses to testify to the defendant's reputation for "non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order"). Accordingly, we conclude Appellant's claim has arguable merit and now consider whether counsel had a reasonable basis in failing to investigate and call character witnesses.

Appellant's PCRA petition set forth three potential character witnesses: Reverend James Behrens (Behrens), Ronald Weigle (Weigle), and Karen Bodle (Bodle).

> In order to prevail on a claim of ineffectiveness for failing to call a witness, a defendant must prove, in addition to meeting the three [aforementioned] requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness's testimony was so prejudicial as to have denied him a fair trial.

***Commonwealth v. Walls***, 993 A.2d 289, 302 (Pa. Super. 2010) (citing ***Commonwealth v. Wright***, 961 A.2d 119, 155 (Pa. 2008)) (citations omitted).

Moreover, "Pa.R.Crim.P. 902(A)(15) states that a petition seeking an evidentiary hearing shall include 'a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony. Any documents material to the witness's testimony shall also be included in the petition[.]'" ***Commonwealth v. Pander***, 100 A.3d 626, 640 (Pa. Super. 2014). In ***Pander***, this Court also clarified that such certifications do not need to be in the form of affidavits. ***Id***.

Instantly, attached to Appellant's PCRA petition is a certification from Appellant setting forth three names: Bodle, Weigle, and Behrens. Appellant stated that all were available and willing to testify at trial. ***See*** Witness

Certification of [Appellant], 11/18/2013. A specific certification on behalf of Weigle included Weigle's name, address, phone number, and his willingness and availability to testify to Appellant's good reputation in the community for being "a law abiding person, for being a truthful person and for being a nonviolent person who comports himself appropriately around children[.]" Witness Certification of Ronald Weigle, 11/12/2013, at ¶ 3. An identical certification was attached for Karen Bodle. Witness Certification of Karen Bodle, 11/12/2013. No such certification exists for Reverend Behrens; accordingly, we agree with the PCRA court that Appellant would not have been entitled to an evidentiary hearing on the basis of Behrens' testimony as Appellant did not comply with Pa.R.Crim.P. 905(A)(15).

However, the certifications of Weigle and Bodle meet the aforementioned requirements; thus, we must consider whether counsel had a reasonable basis in failing to investigate or call them as witnesses. "Our Supreme Court has cautioned against speculating about the reasons for counsel's actions in the absence of an evidentiary hearing, except in the clearest of cases." *Commonwealth v. Perry*, 959 A.2d 932, 937 (Pa. Super. 2008). Furthermore, "[w]hen an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the [PCRA court] to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an

opportunity to rebut the claim, this Court will remand for such a hearing."

***Commonwealth v. Savage***, 695 A.2d 820, 825 (Pa. Super. 1997).

Instantly, the PCRA court concluded that this is one such clear case because the testimony of proposed witnesses "would not likely result in a different outcome." PCRA Court Opinion, 5/14/2014, at 5.

> Clearly, [Karen Bodle, Appellant's mother, and Ronald Weigle, Appellant's uncle,] have a bias in favor of [Appellant]. Moreover, there was documentary evidence to support most of the charges in this case, such as numerous images of child pornography and various America Online instant message chats that were retrieved from [Appellant's] computer. [Appellant] also made some statements in his interview with the police where he admitted that he was talking with girls between the ages of 13 and 19 in online chats and instant messages and he would tell them that he was 18 or 19, but he claimed that they would start talking dirty and would send him pictures of themselves. Given the other evidence in this case, character evidence from [Appellant's] mother and uncle would not have affected the outcome.

***Id***. at 5-6.

The PCRA court presents two reasons why Appellant was not prejudiced: 1) because a jury would not believe these witnesses; and 2) the evidence against Appellant was overwhelming. However, "one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone." ***Johnson***, 966 A.2d at 539. Accordingly, we hold that the PCRA court's conclusion that a jury

would not believe these witnesses because of their potential bias, without conducting an evidentiary hearing to hear the testimony, was error.[2]

Moreover, without understanding trial counsel's strategy, this Court is unable to review whether Appellant was prejudiced by the trial counsel's purported failure to investigate and call character witnesses. To prevail, an "[a]ppellant must demonstrate that the alternative not selected by counsel offered a substantially greater chance of success than the tactic chosen. To properly determine whether prejudice resulted from the quality of counsel's representation, we must focus on counsel's overall trial strategy and view his performance as a whole." *Commonwealth v. Weiss*, 606 A.2d 439, 443 (Pa. 1992) (citations omitted). Accordingly, we hold that because trial counsel's strategy is so inexorably intertwined with Appellant's potential prejudice, the PCRA court erred in concluding that Appellant was not prejudiced by trial counsel's performance.[3]

---

[2] We recognize that familial character witnesses by their very nature are biased. *See Weiss*, 606 A.2d at 443 ("Although familial character witnesses generally lack the credibility of unbiased non-familial witnesses, an attitude that they are *per se* worthless, is sufficient evidence of counsel's incompetency."). It is within the province of the fact-finder to weigh that bias against the testimony offered in assessing how much weight to give the testimony of a character witness.

[3] To the extent the PCRA court is carving out an exception where there is such "overwhelming evidence" against an Appellant, we conclude that this was error. Appellant was convicted of numerous charges in this case. While there may have been documentary evidence to support some, as well as admissions by Appellant to others, certain charges were based solely upon

We now turn to Appellant's second issue, whether trial counsel was ineffective in failing to investigate "mitigating evidence" with respect to J.E. Appellant's Brief at 17-19. J.E. was one of numerous victims called by the Commonwealth to testify against Appellant. Specifically, J.E. testified that Appellant was a substitute teacher while she was in seventh grade at school. She testified that Appellant called her at home four times, inquiring into her homework, inviting her to an amusement park, inviting her to go to his house and "hang out with him" and "have sex with him and suck his dick and everything[,]" and asking her to go on a date and "party hardy". N.T., 3/2/2010, at 105-7. Accordingly, with respect to this witness, Appellant was convicted of criminal solicitation, unlawful contact or communication with a minor, criminal use of a communication facility, and corruption of minors.

Appellant contends that trial counsel should have obtained J.E.'s phone records to contradict this testimony. Additionally, Appellant asserts that J.E.'s disciplinary records[4] would show that J.E. "had a reputation for making false allegations[.]" Appellant's Brief at 18.

The PCRA court offered numerous reasons as to why it denied relief. First, it determined that these requests amount to "little more than a fishing

---

the fact-finder's credibility determinations of the victims. Accordingly, we cannot agree with the trial court.

[4] Appellant alleged that "J.E. had received disciplinary action at school for making false assertions about staff and students." Appellant's Brief at 18.

expedition." PCRA Court Opinion, 5/14/2014, at 6. Furthermore, the PCRA court pointed out that in his interviews with police, Appellant "admitted he had conversations with J.E. about going to an amusement park and other things." *Id*. at 7. With respect to both the phone records and disciplinary records, the PCRA court concluded that Appellant should have attached them to his PCRA petition in order to be entitled to a hearing pursuant to Pa.R.Crim.P. 902(A)(12)(b) and (D).[5] *Id*. at 6, 7.

Counsel has a general duty to undertake reasonable investigations or make reasonable decisions that render particular investigations unnecessary. *Commonwealth v. Basemore*, 744 A.2d 717, 735 (Pa. 2000). Appellant's primary complaint is that trial counsel failed to make a reasonable investigation, an argument which, as noted previously, is best left for determination via an evidentiary hearing. Thus, regardless of whether PCRA

---

[5] Pennsylvania Rule of Criminal Procedure 902(A) provides, in relevant part, that a "petition for post-conviction collateral relief shall bear the caption, number, and court term of the case or cases in which relief is requested and shall contain substantially the following information:

(12) the facts supporting each such ground that:

\*\*\*

(b) do not appear in the record, and an identification of any affidavits, documents, and other evidence showing such facts;

Furthermore, Pa.R.Crim.P. 902(D) provides that the "defendant shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached."

- 12 -

counsel should or should not have attached any relevant documents, Appellant is entitled to an evidentiary hearing to assess whether trial counsel's investigation into these matters was deficient. "Because the reasons, if any, for counsel's inaction cannot be determined from the record before us, the appropriate remedy is to remand to the [PCRA] court for an evidentiary hearing to determine the grounds for counsel's conduct." *Commonwealth v. Jennings*, 414 A.2d 1042, 1043 (Pa. 1980).

Order vacated. Case remanded for an evidentiary hearing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/24/2015