457 A.2d 127

**COMMONWEALTH of Pennsylvania**

v.

**Vallie WATSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 7, 1981.

Filed March 4, 1983.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, MONTGOMERY and LIPEZ, JJ.

LIPEZ, Judge:

In a nonjury trial, defendant was convicted on two counts of corruption of minors, 18 Pa.C.S. § 3125(a), and two counts of indecent assault, 18 Pa.C.S. § 3126(1) (Supp.1982–

1983) involving two victims. After denial of post-verdict motions, the trial judge imposed sentences of five years psychiatric probation for each count of corruption of minors, and two years psychiatric probation for each count of indecent assault, all sentences to run concurrently. In this appeal from that judgment of sentence, defendant raises three issues.

■ Defendant claims that the trial court erred in granting the Commonwealth's petition for an extension under Rule of Criminal Procedure 1100(c), and in denying defendant's motion to dismiss under Rule 1100(f). We find that the trial judge's opinion adequately discusses and disposes of this issue, to which we have nothing to add.

■ Defendant contends that his speedy trial motion should have been granted under Rule of Criminal Procedure 6013, which provides a 120-day rule for commencement of trial in Philadelphia Municipal Court, in contradistinction to the 180-day rule applicable in common pleas court under Rule 1100. Defendant argues that Rule 6013 was applicable to these proceedings, even though they occurred in common pleas court, because he had a right to a Municipal Court trial, which had not been properly waived. Defendant did not raise the specific issue of the applicability of Rule 6013 in either his original or amended post-verdict motions, and hence this issue is waived. *Commonwealth v. Davenport*, 307 Pa.Super.Ct. 102, 112, 452 A.2d 1058, 1062 (1982).

■ Defendant's last contention is that the indecent assault convictions should have merged for sentencing purposes with the convictions for corruption of minors, because the convictions were based on the same acts. Although this issue is raised for the first time on appeal, it is not waived. *Commonwealth v. Smith*, 499 Pa. 507, 508, 454 A.2d 1 (1982); *Commonwealth v. Roach*, 307 Pa.Super.Ct. 506, 511 & n. 2, 453 A.2d 1001, 1003 & n. 2 (1982). We agree that the court below could not sentence defendant on both the indecent assault convictions and the convictions for corrup-

tion of minors. The record establishes that as to each of defendant's two victims, the count for corruption of minors was based on essentially the same criminal act as the count for indecent assault. *See Commonwealth v. Stafford*, 307 Pa.Super.Ct. 278, 284, 453 A.2d 351, 353–54 (1982); *see also Johnson v. Commonwealth*, 499 Pa. 380, 453 A.2d 922 (1982).

Defendant could only be sentenced for the most serious offense, the one with the greater possible maximum penalty. *Commonwealth v. Boerner*, 281 Pa.Super.Ct. 505, 518–20, 422 A.2d 583, 590–91 (1980); *see Commonwealth v. Maguire*, 307 Pa.Super.Ct. 80, 85, 452 A.2d 1047, 1050 (1982). Both indecent assault and corruption of minors are misdemeanors of the second degree, 18 Pa.C.S. §§ 3125(a), 3126, and each carries a maximum sentence of two years, 18 Pa.C.S. § 1104(2). For each of the two criminal acts, defendant could properly be sentenced for either corruption or indecent assault, but not both.

█ The two-year probationary sentences for indecent assault equal the statutory maximum, while the five-year probationary sentences for corruption of minors exceed the statutory maximum. When the illegal sentences for corruption of minors are reduced, as they must be, to the statutory maximum of two years, they equal the sentences for indecent assault. Had the trial judge known she could properly impose only a total of two sentences with a two-year maximum for each, she might have made these two sentences consecutive rather than concurrent. Since we cannot determine whether the sentences for corruption and indecent assault influenced each other, we shall vacate all judgments of sentence, and remand for resentencing only on either corruption or indecent assault for each of the two criminal acts.

Judgments of sentence vacated, and case remanded for resentencing.