478 A.2d 817

**COMMONWEALTH of Pennsylvania**

v.

**Stephen Luther EVANS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 1983.

Filed June 1, 1984.

338

Stephen Evans, in propria persona.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and HOFFMAN, JJ.

WICKERSHAM, Judge:

This is a *pro se* appeal from an order of the Court of Common Pleas of Philadelphia County denying appellant's Post Conviction Hearing Act petition.

The history behind this appeal is both lengthy and confusing. Appellant, Stephen Evans, was arrested in November of 1976 and charged with aggravated assault and related offenses. These charges stemmed from an incident in September of 1976, in which appellant allegedly shot the victim in the chest on the front steps of the victim's house. On January 20, 1977, appellant appeared for trial, represented by the first of a long line of attorneys. Appellant waived his right to a trial by jury, and his case proceeded before the Honorable Julian F. King. When appellant failed to return to court following the luncheon recess, a bench warrant was issued. Appellant was apprehended three months later and trial resumed on May 2, 1977 before Judge King. Appellant did not take the stand and appellant's counsel rested without presenting any witnesses, testimony, or closing statement. Appellant was found guilty of aggravated assault, recklessly endangering another person, and possession of an instrument of crime. No post-verdict motions were filed on behalf of appellant by his trial counsel.

On June 23, 1977, appellant was sentenced to imprisonment of one to two years for recklessly endangering another person, two to five years [1] for possession of an instrument of crime, and five to ten years for aggravated assault. Each sentence was to run consecutively; thus, appellant was sentenced to a total of eight to seventeen years imprisonment. No motion for resentencing was filed by trial counsel. On July 22, 1977, appellant, by his second attorney, appealed the above sentence.

1. The sentencing transcript states that appellant was sentenced to two to five years imprisonment on this charge. (Sentencing Transcript, June 23, 1977, at 6–7). However, the docket entry shows a sentence of two and one-half to five years imprisonment. We find this conflict to be immaterial to our decision in this appeal.

Shortly thereafter, attorney no. 2 withdrew from the case, and attorney no. 3 was retained. This court remanded the case to the trial court "for a hearing for the correction of an illegal sentence without prejudice to his right to appeal." On April 18, 1978, the sentences were vacated and appellant was resentenced, following a hearing, to the following: one to two years for recklessly endangering another person, two to five years for possession of an instrument of crime (these two sentences to be concurrent), and four to ten years for aggravated assault, to be consecutive to the first two sentences. The new sentences totalled six to fifteen years. On May 11, 1978, appellant's counsel appealed the new sentences. While that appeal was pending, appellant filed a *pro se* petition under the Post Conviction Hearing Act, 42 Pa.C.S.A. § 9541 *et seq.*, in which he alleged ineffectiveness of counsel.[2] That petition was dismissed as being premature, due to the pendency of the direct appeal. Shortly thereafter, however, the direct appeal was discontinued and appellant petitioned the lower court to reinstate his P.C.H.A. petition. This motion was granted on August 29, 1978.

At some point, attorney no. 3 withdrew from the case and attorney no. 4 was appointed by the court. There followed two amended P.C.H.A. petitions, one *pro se* and one by attorney no. 4. On March 27, 1979, appellant filed a *pro se* application to be permitted to file post-verdict motions, *nunc pro tunc*.[3] Apparently this precipitated the withdrawal of attorney no. 4 in June of 1979. In August of 1979, appellant filed a *pro se* petition for writ of mandamus with the Pennsylvania Supreme Court. That petition was

2. Appellant's *pro se* P.C.H.A. petition appears to allege the ineffectiveness of both trial counsel and resentencing counsel (attorneys no. 1 and no. 3).

3. It appears that the trial court advised appellant by letter dated June 26, 1979, that it was holding this petition in abeyance until after his P.C.H.A. hearing. Appellant's Brief, or "Petition for Review," Exhibit G. The disposition of the motion after the P.C.H.A. hearing is unclear from the record.

denied and referred to appellant's recently appointed attorney no. 5.

On October 1, 1979, appellant filed the first of three federal petitions for writs of habeas corpus, alleging ineffectiveness of counsel, that his jury waiver had been unknowing, violations of his right to appeal and his double jeopardy rights, and that disposition of his state P.C.H.A. petition had been intentionally delayed. The substantive claims were substantially the same as those raised in his amended counselled state petition. On April 25, 1980, the petition was denied by the United States District Court for the Eastern District of Pennsylvania for failure to exhaust state remedies. (Memorandum and Order, Huyett, J., April 25, 1980; Civil Action No. 79–3592). On August 1, 1980, the United States Court of Appeals for the Third Circuit dismissed appellant's appeal.

Meanwhile, appellant's P.C.H.A. petition was still proceeding slowly through the state court system. Attorney no. 5 withdrew in January of 1980, and was replaced by attorneys no. 6 and no. 7. On July 31, 1980, attorney no. 8 filed an amended P.C.H.A. petition, and was present on January 20, 1981, when the P.C.H.A. hearing finally took place. At the hearing, appellant made a long statement to the court, expressing his belief that attorney no. 8 had not obtained the witnesses or presented the testimony that appellant had requested. The court, therefore, continued the case to February 10, 1981, to allow appellant, or his counsel, to obtain witnesses and records. (N.T., P.C.H.A. Hearing, January 20, 1981 at 42–43). On February 11, 1981, attorney no. 8 appeared in court without appellant [4] and told the court that he was not presenting any additional witnesses. (N.T., P.C.H.A. Hearing, February 11, 1981 at

4. Appellant claims that he was not notified by attorney no. 8 of these proceedings, and since he was incarcerated, he was of course, not present. He alleges that he discovered the events of February 11, 1981 only after he sent to the lower court on February 18, 1981 a list of witnesses to be subpoenaed and their probable testimony. He also requested at the time the removal of attorney no. 8, and to proceed pro se.

342

2). Shortly thereafter, attorney no. 8 withdrew from the case at appellant's request. Appellant then filed his second federal habeas corpus petition, *pro se,* which was dismissed without prejudice to refile. (Order, Huyett, J., August 19, 1981; Civil Action No. 81-0722).

Attorney no. 9 subsequently entered her appearance in the state proceeding as newly retained counsel. Despite attorney no. 9's arguments that appellant was entitled to present additional evidence in support of his P.C.H.A. petition, that petition was finally denied by the lower court on March 11, 1982. On March 15, 1982, attorney no. 9 filed the instant appeal with our court. Appellant also filed his third federal habeas corpus petition, which was again denied for failure to exhaust state remedies. Appellant appealed again to the Third Circuit Court of Appeals, which dismissed his petition in October of 1982. (*Evans v. Zimmerman, et al.,* C.A.Misc.Rec. No. 82-8128).

In August of 1982, attorney no. 9 was permitted to withdraw and it appears that appellant has proceeded *pro se* since that time. While it is not completely clear just what appellant wants us to do, after reading appellant's "Petition for Review in the Nature of an Application for a Peremptory Writ of Mandamus," (which by order of our court is being treated as appellant's brief), his letter dated August 4, 1982, and his reply to the Commonwealth's letter-brief on October 21, 1982, we feel that the sole issue raised before us is whether or not appellant was denied the right to a "full, fair and complete hearing by the P.C.H.A. Court." [5]

5. It appears from the record that appellant's application of March 27, 1979, requesting permission to file post-verdict motions, *nunc pro tunc,* was never ruled upon and is still outstanding before the lower court.

It also appears that, during the pendency of this appeal, appellant filed a petition for writ of habeas corpus to the Pennsylvania Supreme Court, in which he alleged that his present sentence is illegal due to the merger doctrine. On December 3, 1982, the supreme court "remanded to Superior Court for expeditious disposition." Despite our efforts, we cannot find any such petition in the record before us, and we have not been able to discover what happened, if anything, to the

After a careful review of appellant's original *pro se* P.C.H.A. petition, and the subsequent amendments to that petition by appellant and by various counsel, we can group appellant's P.C.H.A. claims into four general areas. First, he did not make a knowing and intelligent waiver of his right to a jury trial, due to his drug addiction, an insufficient colloquy, and an ignorance of certain facts concerning the trial judge and the case itself. Second, he was denied the effective assistance of counsel, chiefly because his trial counsel failed to: (1) negotiate his requested guilty plea; (2) discuss with appellant the grading of the aggravated assault charge, or the possible defenses available to him at trial; (3) present any defense at all on his behalf; (4) object to the illegality and severity of the sentence or to file a requested petition for reconsideration of sentence; and (5) file and argue post-trial motions. He was also denied the effective assistance of counsel when his resentencing counsel failed to present any mitigating circumstances or question the effectiveness of trial counsel. Third, his sentence is illegal due to the merger doctrine, a mistake in grading the aggravated assault conviction, and on double jeopardy grounds. Lastly, the trial court failed to advise him, in violation of Pa.R.Crim.P. 1123(c), that only the grounds for review contained in post-verdict motions may be raised on appeal. There are also other claims, most of which are couched in terms of ineffectiveness of various counsel, particularly attorneys no. 1, no. 3, no. 8, and no. 9 (trial counsel, resentencing counsel and P.C.H.A. hearing counsel).

Before considering the merits of this appeal, we must first determine whether these various claims have

petition. A letter-brief from the Commonwealth, dated January 31, 1983, tells us that appellant filed a motion for leave to file a supplement to the petition for a writ of habeas corpus, and an accompanying supplement to the petition. The Commonwealth's response to that motion is contained in its letter-brief. However, since we do not have before us the original petition for a writ of habeas corpus, the supplement to it, the motion to file a supplement to it, or anything else relating to such a motion, we cannot possibly decide any such sentencing issue at this time.

been finally litigated or waived. These claims, with the possible exception of the sentencing questions, were raised for the first time in the P.C.H.A. proceeding; they were neither argued in nor considered by the trial court. Normally, the failure to raise an issue in the trial court will be deemed a waiver of that issue and preclude this court's consideration thereof on appeal. *Commonwealth v. Pittman*, 320 Pa.Super. 166, 466 A.2d 1370 (1983); *Commonwealth v. Watson*, 311 Pa.Super. 89, 457 A.2d 127 (1983). We consider the within claims only because of appellant's allegations that counsel was ineffective in not presenting such claims to the trial court. A claim of ineffective assistance of counsel is an extraordinary circumstance which prevents such a waiver. *Commonwealth v. Cofield*, 310 Pa.Super. 356, 456 A.2d 650 (1983); *Commonwealth v. Henderson*, 298 Pa.Super. 180, 444 A.2d 720 (1982). Although it is somewhat unclear from the record which attorneys appellant claims were ineffective, we will not fault him for that failure since his P.C.H.A. petition and many of the following pleadings were filed *pro se*. *See Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969).

While we find that appellant's claims are not waived and thus we may address them, we do not have the information before us to do so completely and accurately. Appellant cannot dispute that a P.C.H.A. hearing was held on January 20, 1981. What he does dispute is that this hearing was "full, fair and complete." The Commonwealth argues, on the other hand, that appellant was given a full, fair and complete counselled hearing, at which he was entitled to present whatever evidence he desired.

■ In *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981), our supreme court endorsed the allowance of "at least one *meaningful* opportunity to have the underlying issues reviewed, at least in the context of an ineffectiveness claim." *Id.*, 495 Pa. at 35, 432 A.2d at 186. We have carefully reviewed the transcripts of the trial, sentencing, resentencing, and P.C.H.A. hearing, and, keeping in mind the arguable merit/reasonable basis criteria for exam-

ination of an ineffectiveness claim, emanating from *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967) and its progeny, *see, e.g., Commonwealth v. Mayfield*, 318 Pa.Super. 450, 465 A.2d 40 (1983), we are unable to hold that appellant has had that one *meaningful* opportunity to have the underlying issues reviewed.

The only witness called at the P.C.H.A. hearing was attorney no. 1, appellant's trial counsel. Attorney no. 8, who was representing appellant at the time of the P.C.H.A. hearing, questioned trial counsel concerning the jury trial waiver, guilty plea bargaining, discussion of the crimes charged, why no defense was undertaken, and why neither a motion for reconsideration of sentence nor post-trial motions were filed. After trial counsel concluded his testimony, appellant requested the opportunity to make a statement to the court. Then followed a long statement by appellant alleging that attorney no. 8 (appellant's counsel at this hearing) had discussed the facts of the case with him on only one occasion prior to the hearing. Thus, given attorney no. 8's unfamiliarity with appellant's allegations of ineffectiveness, he felt that his case was not being properly presented. (N.T., P.C.H.A. Hearing, January 20, 1981 at 21–28). Therefore, at the end of the hearing, attorney no. 8 was given permission to present witnesses on behalf of appellant at a future date. The court continued the case for three weeks to provide time for appellant's counsel to contact those witnesses.

At the continuation of the hearing three weeks later, attorney no. 8 appeared without appellant, and told the court that he was not presenting any additional witnesses in the case. (N.T., P.C.H.A. Hearing, February 11, 1981 at 2). The court then marked the case "hearing held under advisement" and adjourned. One year later, appellant appeared in court with attorney no. 9. Attorney no. 9 reviewed the problems with attorney no. 8's presentation of appellant's case at the January 20, 1981 hearing, and explained that

attorney no. 8 appeared in court on February 11, 1981, without his client and told the court that there would be no further witnesses. (N.T., P.C.H.A. Hearing, March 11, 1982 at 6–7). At that time, attorney no. 9 requested the opportunity to put on further evidence on appellant's behalf. The court, after hearing argument, refused any further testimony and denied appellant's P.C.H.A. petition. The court stated that "[t]here has to be an end to it. Let him litigate it in the appellate Courts." (N.T., P.C.H.A. Hearing, March 11, 1982 at 13).

While we agree with the lower court that there must be an end to the case, and while we can empathize with the lower court's distaste for prolonged P.C.H.A. appeals, we do not feel that appellant's P.C.H.A. hearing, as conducted, was full, fair and complete enough to enable our court to review it. Most of appellant's allegations in his petition were never addressed at the hearing, and appellant was never given the opportunity to address them later due to attorney no. 8's waiver of further testimony at the February 11, 1981 hearing, at which appellant was not even present. We feel that under *Commonwealth v. Alexander, supra,* appellant deserves a chance to be able to completely and fully present all the allegations raised in his *pro se* P.C.H.A. petition and the subsequent amended petitions.

We would be inclined to affirm the lower court on the basis of the testimony presented on January 20, 1981. But given the circumstances of this case, particularly appellant's allegations of unpreparedness of his P.C.H.A. attorney, and our inability to dispose of nearly all the issues on the record before us, we must remand for a further evidentiary hearing. We admonish appellant to present all his P.C.H.A. claims at this time; like the trial court, our patience is not limitless. We also remand for appointment of counsel to assist appellant in this endeavor.

Remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.